Kent A. Gardiner *(pro hac vice)*
Kathryn D. Kirmayer *(pro hac vice)*
Jerome A. Murphy *(pro hac vice)*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Telephone:  202-624-2500
Facsimile:  202-628-5116
E-mail:   kgardiner@crowell.com
          kkirmayer@crowell.com

Daniel A. Sasse (CA Bar No. 236234)
Christine E. Cwiertny (CA Bar No. 222098)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, California 92614
Telephone:  949-263-8400
Facsimile:  949-263-8414
E-mail:   dsasse@crowell.com
          ccwiertny@crowell.com

Counsel for Plaintiff
Sun Microsystems, Inc

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| SUN MICROSYSTEMS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HYNIX SEMICONDUCTOR, INC., a Korean corporation, HYNIX SEMICONDUCTOR AMERICA INC., a California corporation, MOSEL VITELIC INC., a Taiwanese corporation, MOSEL VITELIC CORP., a California corporation, NANYA TECHNOLOGY CORPORATION, a Taiwanese corporation, NANYA TECHNOLOGY CORPORATION, USA, a California corporation, WINBOND ELECTRONICS CORPORATION, a Taiwanese corporation, WINBOND ELECTRONICS CORPORATION AMERICA, a Delaware corporation, ELPIDA MEMORY, INC., a Japanese corporation, ELPIDA MEMORY (USA) INC., a Delaware corporation, MITSUBISHI ELECTRIC CORPORATION, a Japanese corporation, MITSUBISHI ELECTRIC AND ELECTRONICS USA, INC., a Delaware corporation, and MITSUBISHI ELECTRIC EUROPE B.V., a Netherlands corporation,<br><br>Defendants. | Case No. C 06-01665 PJH<br><br>**STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] PROTECTIVE ORDER** |

WHEREAS, the parties may have proprietary information and documents that are not in the public domain and are confidential, the unrestricted disclosure of which may cause undue irreparable damage to the parties and their respective businesses; and

WHEREAS, one of the purposes of this Protective Order is to protect the confidentiality of such information and documents; and

WHEREAS, the Federal Rules of Civil Procedure provide for the issuance of protective orders limiting the disclosure of certain information in appropriate circumstances; and

WHEREAS, the parties have agreed to protect the confidentiality of such information in accordance with the following terms and conditions:

1. Documents that contain non-public information may be designated as "Confidential" or "Highly Confidential" in the manner described below, so long as the materials concern the producing party's trade secrets or other confidential research and development or commercial information, or information which the producing party otherwise has compelling need for confidentiality. This includes, without limitation: (a) documents, exhibits, answers to interrogatories, responses to requests for admissions and deposition transcriptions and all original written, recorded, graphic or electronic matters (and all identical and non-identical copies thereof), (b) any copies, notes, abstracts or summaries of such information, and the information itself, or (c) any pleading, affidavit, declaration, brief, motion, transcript or other writing containing such information (subsections (a) to (c) collectively referred to herein as "Litigation Materials"), all of which may be designated as "Confidential" or "Highly Confidential" under this Protective Order, as appropriate.

2. Only non-public documents produced in discovery may be designated as "Confidential" or "Highly Confidential." Accordingly, "Confidential" or "Highly Confidential" materials shall not include any documents concerning information that at any time has been: (a) produced, disclosed or made available to the public or otherwise available for public access; or (b) disclosed in connection with any governmental public

filing or securities offering and could not reasonably be assumed to be or have been intended to be kept confidential. Documents containing trade secrets, or other confidential research and development or proprietary business information, the disclosure of which to other parties might competitively disadvantage the producing party, may be designated as "Highly Confidential." Any document concerning information that has not been preserved or maintained in a manner calculated to preserve its confidentiality shall not be designated as "Confidential" or "Highly Confidential." Notwithstanding the foregoing, a producing party may designate as "Confidential" or "Highly Confidential" any documents transmitted or disclosed to any governmental entity pursuant to a written confidentiality agreement or which is protected as confidential by statute, rule or regulation.

3. All "Highly Confidential" or "Confidential" Litigation Materials shall be used by the parties and their counsel solely for the purpose of the prosecution or defense of this litigation, Case No. C06-01665 PJH, including preparing for and conducting pre-trial proceedings in this action. Litigation Materials designated as "Confidential" or "Highly Confidential" shall not be disclosed to anyone except as provided herein and the contents thereof shall not be used for any business, commercial or competitive purpose, or used in any manner in any other case, litigation or proceedings whether or not factually related to this action.

4. (a) Parties shall designate documents in good faith, and shall not indiscriminately designate documents, so that produced documents are not over-designated as "Confidential" or "Highly Confidential." Any party may object in good faith to the designation of Litigation Materials. The process for resolving disputes as set forth below presumes this good faith in the initial designations, objections and meet and confer process. The following process will apply to resolution of disputes hereunder: 1) any party who objects to a designation by a producing party shall state concisely the basis for those objections in a letter to the producing party which said letter shall not exceed 5 pages; 2) the letter need only be served by fax on the producing party to start

this process; 3) the objecting party and producing party shall have ten days from the date the letter is faxed to meet and confer to resolve the objections and/or narrow issues to be briefed; 4) any objections not so resolved shall be the subject of a regularly noticed motion filed by the objecting party, but the producing party shall have the burden to support the contested designations; 5) said motion shall be filed and served no later than thirty days after the meet and confer period ends; 6) the objecting party shall be allowed to file a reply brief of up to 15 pages, unless leave of Court is obtained to file a longer reply brief; and 7) only the objecting and producing parties shall file briefs, but other parties may file a two-page brief, unless leave of Court is obtained to file a longer brief.

(b)     In addition to the procedures described above, the following shall apply to the process: 1) a party shall not be obligated to challenge the propriety of a confidential designation at the time that designation is made, and failure to so challenge does not preclude a subsequent challenge; 2) with the permission of the Court, either the producing or objecting party may request a short informal discovery conference to be held telephonically with the Court in order to avoid the need for any motion; 3) said conference shall be held during the ten-day meet and confer period, or the thirty-day period for bringing the motion in accordance with the convenience of the Court; 4) if the producing party does not oppose the motion, then designations which are the subject of the objections are declassified; and 5) the parties will attempt in good faith to combine as many issues under this Protective Order as possible so that said matters can be handled efficiently and effectively, and the parties further reserve the right to request, for good cause shown, additional time to file any motion.

5.     Any Litigation Materials the designation of which is subject to such dispute shall be treated as "Confidential" or "Highly Confidential" as designated by the producing party pending resolution of the dispute by this Court.

6.     If any party or non-party uses Litigation Materials designated as "Confidential" or "Highly Confidential" pursuant to this Protective Order during the course of a deposition herein, that portion of the deposition record reflecting such

"Confidential" or "Highly Confidential" information shall be stamped as "Confidential" or "Highly Confidential" and access thereto shall be limited pursuant to the other terms of this Protective Order.  Counsel may invoke the provisions of this Protective Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or "Highly Confidential," or by designating the deposition transcript or portions thereof as "Confidential" or "Highly Confidential" before the time expires within which the witness may sign the deposition transcript.  No person shall be present during portions of the depositions designated "Confidential" or "Highly Confidential," unless such person is authorized under the terms of this order to receive Litigation Materials containing such confidential information or unless the producing party consents to such person being present.  All information disclosed during a deposition shall be deemed to have been designated "Highly Confidential" until the time within which the witness may sign the transcript expires, whether or not any portion of the transcript has been so designated previously.

7.  Nothing in this Order affects the right of the party or non-party that produced "Confidential" or "Highly Confidential" Litigation Materials to use or disclose such information in any way.  Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties, non-parties or their attorneys to use or disclose such information in violation of the Protective Order, except that if the producing party uses such materials in a manner inconsistent with their confidential status, then that shall serve as a basis to object to the designation and said objections shall be resolved as set forth in paragraph 4 above.

8.  In the event that documents or Litigation Materials are produced by another person which are actual copies of documents or other Litigation Materials which a party has produced and designated "Confidential" or "Highly Confidential," that party may designate such materials under this Protective Order even if they have not been so designated by the person producing them.  To the extent that a person produces documents which are not actual copies of documents previously produced and designated

by a party but which contain a party's "Confidential" or "Highly Confidential" information, a party may designate those documents, or portions thereof as may be appropriate, as "Confidential" or "Highly Confidential, subject to the dispute resolution process set forth in paragraph 4 above. Said designations shall be made as soon as reasonably possible, and shall contain the Bates stamp number(s) of the portions of the documents designated, the nature of the designations, and if an entire document is designated, which portions of the document contain the information supporting the designation so that an objecting party may determine what information is specifically at issue.

9. Litigation Materials marked or treated as "Confidential" or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated to only the following:

    a. the Court, all Court personnel, any discovery referee or any settlement mediator;

    b. court reporters and videographers who record depositions or other testimony in this action;

    c. named parties including an officer, director or in-house counsel of a named party or its affiliated companies;

    d. other employees of a named party or its affiliated companies, but only for the specific purpose of working directly on the litigation at the request or at the direction of counsel;

    e. outside counsel for the named parties and employees of such counsel to whom it is necessary that the Litigation Materials be shown for purposes of this litigation;

    f. pursuant to the provision of paragraph 12(a), consultants and experts to whom it is necessary that the Litigation Materials be shown for purpose of assisting counsel in this litigation;

    g. deposition witnesses;

      h.    employees of copying, imaging and computer services for the purpose of copying, imaging or organizing documents provided that all documents designated as "Confidential" are retrieved by the party furnishing those documents upon completion of the services;

      i.    any other person upon the written agreement of the party or non-party who designated the Litigation Materials as "Confidential" (which agreement may be recorded in a deposition or other transcript), or pursuant to court order; and

      j.    the author, addressees and recipient of the documents or any person who would have had access to such information by virtue of his/her employment.

    10.    Litigation Materials marked or treated as "Highly Confidential" or copies or extracts therefrom and the information therein, may be given, shown, made available to or communicated to only the following:

      a.    the Court, all Court personnel, any discovery referee or any settlement mediator;

      b.    Court reporters and videographers who record depositions or other testimony in this action;

      c.    employees of copying, imaging and computer services for the purpose of copying, imaging, or organizing documents provided that all documents designated as "Highly Confidential" are retrieved by the party furnishing those documents upon completion of the services;

      d.    counsel of the law firms signing this stipulation or employees of such counsel to whom it is necessary that the Litigation Material be shown for purposes of this litigation;

      e.    in-house counsel for a named party or its affiliated companies, so long as this in-house counsel has executed the Agreement attached hereto as Exhibit A, provided, however, that if (i) such person is an in-house counsel for a party that is a defendant in this action or for an affiliated company of a defendant and (ii) the "Highly Confidential" documents have been produced by a defendant, then such in-house counsel


1  must be approved in writing by the producing defendant to receive its "Highly
2  Confidential" documents, unless otherwise ordered by the Court;
3         f.      pursuant to the provisions of paragraph 12(a)-(c), consultants and
4  experts to whom it is necessary that the Litigation Materials be shown for purposes of
5  assisting counsel in this litigation; and
6         g.      the author, addressees and recipients or any person who would have
7  had access to such information by virtue of his/her employment as well as deposition
8  witnesses presently employed by the party producing the highly confidential document.
9         11.     If a party in this litigation other than the producing party desires to give,
10 show, make available or communicate any Litigation Materials marked or treated as
11 "Confidential" or "Highly Confidential" to any person who is not specifically authorized
12 pursuant to the terms of this Protective Order to have access to such Litigation Materials,
13 the party intending to disclose the materials shall notify the producing party of such intent
14 no less than three business days prior to the intended disclosure. Said notification shall
15 be sufficiently specific to inform the producing party of the intended scope of the
16 disclosure, including the name and/or job description of the person to whom such
17 disclosure is intended. The parties will then attempt to negotiate the terms of disclosure
18 within two business days of the notification. If no agreement can be reached during this
19 shortened meet and confer period, then this dispute shall be the subject of regularly
20 noticed motion filed by the objecting party with the producing party bearing the burden to
21 support nondisclosure, pursuant to the dispute resolution procedure in paragraph 4 above,
22 except that any party may move on an ex parte or expedited basis for an order shortening
23 time if a scheduled deposition or Court date could be delayed or cancelled. This
24 paragraph does not apply to "Highly Confidential" documents which are used at
25 deposition or trial in good faith for impeachment purposes only; provided, however, that
26 the party desiring to use, pursuant to this exception, a "Highly Confidential" document
27 for impeachment purposes at a deposition shall alert the producing party at least 48 hours
28 in advance of its intent to use the "Highly Confidential" document under this exception,

and then the requesting party and the producing party shall meet and confer in good faith to address confidentiality concerns and appropriate redactions, with any dispute being brought to the Court's attention for resolution on an expedited basis (by telephone conference or other means directed by the Court) in which only the requesting party and the producing party have notice or participate, so that the deposition is not delayed. If such a proceeding were to occur, the requesting party shall provide written notice of the fact of the proceeding and the production number of the "Highly Confidential" document at issue to the other parties to the action immediately after the conclusion of the deposition in which the request arose. A producing party who is notified of a request to use a "Highly Confidential" document for impeachment purposes, pursuant to this paragraph, shall not disclose the fact of that request or the document or its contents to the deposition witness, the attorney for the deposition witness, or any other party to this action.

    12.    (a)    If any party wishes to disclose Litigation Materials produced by any other party and designated "Confidential" or "Highly Confidential" to any expert or consultant, the expert or consultant must sign the agreement attached hereto as Exhibit A. Nothing in this Protective Order shall require that non-testifying experts or consultants be deposed or otherwise be the subject of discovery.

          (b)    If any party desires to disclose a defendant's information designated "Highly Confidential" to any expert or consultant pursuant to paragraph 10(f) above, and that expert or consultant, in the five years prior to the date this Order is entered, has worked for one of the defendants (or their predecessors) then and only then, that party must first identify in writing to the attorneys for the producing party that expert or consultant and a general description of the nature of that engagement sufficient to allow the producing party to determine if it will object to the disclosure of its "Highly Confidential" information to that expert or consultant, unless the producing party agrees to permit disclosure without such information. The attorney for the producing party shall have five (5) days from receipt of such notice to undertake the dispute resolution

procedures set forth in paragraph 4 above, and any objections not informally resolved shall be the subject of a regularly noticed motion by the producing party who shall have the burden to support the restriction on dissemination of its "Highly Confidential" information to that expert or consultant.

(c) Such identification shall include the full name, professional address and affiliation of the expert or consultant, the present and prior employments or consultancies of the expert or consultant and work done for defendants and/or their predecessors (other than work done for the party engaging that expert or consultant in this litigation).

13. Each person (except for the Court, Court personnel, any discovery referee, any settlement mediator, court reporters and videographers and copying, imaging and computer service employees) provided access to Litigation Materials marked "Confidential" or "Highly Confidential" pursuant to the terms of the Protective Order shall, before gaining such access, receive a copy of this Protective Order and, as to those persons described in paragraphs 9 and 10 shall sign an agreement in the form attached hereto as "Exhibit A" or shall agree to be bound by the terms of this Protective Order on the record at a deposition or hearing in this litigation. A file shall be maintained by each attorney of record for a party of all written agreements signed by persons who have received such Litigation Materials from that party or persons affiliated with that party.

14. Each witness in a deposition shall be provided with a copy of this Order at the start of the examination and shall be advised on the record that he or she is bound by the terms of this Order and applicable remedies under law for violating the terms of this Order.

15. Litigation Materials designated "Confidential" or "Highly Confidential," when filed with pleadings or as evidence, shall be sealed in conformance with Local Rule 79-5.

16. "Confidential" and "Highly Confidential" Litigation Materials shall maintain such protections and designations in connection with any trial in this matter.

Before the trial begins, the parties will meet and confer in good faith as part of the pre-trial conference statement process to put into place a procedure for identification of and use of "Confidential" and "Highly Confidential" documents at trial. Any documents which remain "Confidential" or "Highly Confidential" before trial shall maintain their status through the time of the pre-trial conference or resolution of the procedures described above.

17. The provisions of this Order may be modified at any time by stipulation of the parties approved by order of the Court. In addition, a party may at any time apply to the Court for modification of this Protective Order pursuant to a motion brought in accordance with the rules of the Court. Nothing in this Stipulation and Order shall constitute: (i) an agreement by any party to produce any documents or other materials in discovery not otherwise agreed upon or required by court order or the Federal Rules of Civil Procedure; (ii) a waiver by any person or party of any right to object to or seek a further protective order with respect to any discovery in this or any other action; or (iii) a waiver of any claim of immunity or privilege with respect to any testimony, document or information.

18. In the event that Litigation Materials designated as "Confidential" or "Highly Confidential" are disclosed to someone not authorized under the terms of this Protective Order to receive such information, counsel of record for the party involved shall immediately give notice to counsel of record for the party who designated the Litigation Materials as "Confidential" or "Highly Confidential," and shall also describe the circumstances surrounding the unauthorized disclosure. If a party fails to treat documents designated as "Confidential" or "Highly Confidential" in the manner provided herein, the party should immediately take such steps as are necessary to have such items placed under seal and/or restored to their confidential status.

19. In the event that Litigation Materials claimed to be "Confidential" or "Highly Confidential" are inadvertently produced without the appropriate designation, such documents and copies thereof shall be returned to the producing party within five

1  days of any written notice requesting their return to affix the appropriate designation or
2  immediately stamped "Confidential" or "Highly Confidential" as requested by the
3  producing party. The receiving party may challenge the confidential nature of the
4  documents, but the inadvertent production of the documents, or the giving of testimony,
5  claimed to be "Confidential" or "Highly Confidential" shall not constitute a waiver of the
6  confidentiality designation.

7      20.    Inadvertent production of any document produced in this action by any
8  party or non-party that a party or non-party later claims should have been withheld on
9  grounds of a privilege, including the work product doctrine (collectively referred to as an
10  "Inadvertently Produced Privileged Document") will not be deemed to waive any
11  privilege or work product protection. A party or non-party may request the return of any
12  document that it inadvertently produced by identifying the Inadvertently Produced
13  Privileged Document and stating the basis for withholding such document from
14  production and providing any other information that would be listed on a supplemental
15  privilege log disclosing the document. If a party or non-party requests the return,
16  pursuant to this paragraph, of such an Inadvertently Produced Privileged Document then
17  in the custody of one or more parties, the possessing parties shall within three business
18  days return to the requesting party or non-party the Inadvertently Produced Privileged
19  Document and all copies thereof and shall expunge from any other document or material
20  information solely derived from the Inadvertently Produced Privileged Document. After
21  a document is returned pursuant to this paragraph, a party may move the Court for an
22  order compelling production of the document

23      21.    Within sixty days following termination of this litigation (including the
24  final resolution of any appeals), the original and all copies, whether exact copies or
25  compilations, digests or non-exact copies in any form, of Litigation Materials designated
26  as "Confidential" or "Highly Confidential" shall be returned to the party who produced
27  such documents or may be disposed of in some other manner that is mutually agreeable
28  among the parties. Notwithstanding this, however, counsel of record may retain their file

1  copies of all court filings, deposition or hearing transcripts and exhibits, and
2  correspondence, provided that counsel of record continues to treat all "Confidential" or
3  "Highly Confidential" Litigation Materials in the manner provided for in this Protective
4  Order.

5       22.   The termination of proceedings in this action shall not thereafter relieve the parties from the obligation of maintaining the confidentiality of all Litigation Materials designated as "Confidential" or "Highly Confidential" which are received pursuant to this Protective Order, and are not used at trial, or are used at trial under restriction designed to exclude from the public record those portions of the Litigation Materials that were designated as "Confidential" or "Highly Confidential." This provision shall not apply to any Litigation Materials that are the subject of a superseding ruling of the Court as to the scope of their disclosure. The Court shall retain jurisdiction to enforce and/or modify this Protective Order.

       23.   The terms of this Protective Order shall apply to discovery directed to non-parties to this Litigation, and such non-parties may specifically invoke or waive the terms and protections of this Protective Order. To the extent that any discovery is served on a non-party, the party serving the discovery shall provide the non-party with a copy of this Protective Order and specifically mention the non-party's right to invoke or waive the terms of this Protective Order.

       24.   The parties acknowledge that, by entering into this Stipulation, the parties do not waive any claims or defenses, including defenses regarding the service of plaintiff's complaint or jurisdiction.

1
2
3  By:    /s/ Jerome A. Murphy               By:    /s/ Donald R. Harris

4  Kent A. Gardiner (*pro hac vice*)         Donald R. Harris
   Kathryn D. Kirmayer (*pro hac vice*)      Terrence J. Truax
5  Jerome A. Murphy (*pro hac vice*)         Gabriel A. Fuentes
   1001 Pennsylvania Avenue, N.W.            Brian C. Haussman
6  Washington, D.C. 20004                    JENNER & BLOCK
   Tel.: (202) 624-2578                      One IBM Plaza
7  Fax: (202) 628-5116                       Chicago, IL 60611- 7603
                                             Tel.:   (312) 222-9350
8  Daniel A. Sasse
   Christine E. Cwiertny                     Kenneth E. Keller
9  3 Park Plaza, 20th Floor                  Michael D. Lisi
   Irvine, California 92614                  KRIEG, KELLER, SLOAN, REILLEY
10 Tel.: (949) 263-8400                      & ROMN LLP
   Fax: (949) 263-8414                       114 Sansome Street, 4th Floor
                                             San Francisco, CA 94104
11 **Attorneys for Plaintiff**               Tel: (415) 249-8330
   **Sun Microsystems, Inc.**                Fax: (415) 249-8333
12
   Dated: August 15, 2006                    **Attorneys for Defendants**
13                                           **Mitsubishi Electric Corporation, Mitsubishi**
                                             **Electric & Electronics USA, Inc., and**
14                                           **Mitsubishi Electric Europe B.V.**
15
16                                           Dated: August 15, 2006
17
18 By:    /s/ Harrison J. Frahn              By:    /s/ Andrea DeShazo

19 James G. Kreissman                        William Goodman
   Harrison J. Frahn                         Raphael Goldman
20 SIMPSON THACHER &                         Andrea DeShazo
   BARTLETT LLP                              TOPEL & GOODMAN
21 2550 Hanover Street                       832 Sansome Street, 4th Floor
   Palo Alto, CA 94304                       San Francisco, CA 94111
22 Fax: (650)251-5002                        Tel: (415)
                                             Fax: (415) 398-5030
23 **Attorneys for Defendants**
   **Elpida Memory, Inc. and**               **Attorneys for Defendants**
24 **Elpida Memory (USA) Inc.**              **Mosel Vitelic Inc. and**
                                             **Mosel Vitelic Corporation**
25 Dated: August 15, 2006
                                             Dated: August 15, 2006
26
27
28

| | |
|---|---|
| By: /s/ Steven H. Morrissett | By: /s/ Howard M. Ullman |
| Steven H. Morrissett<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER, LLP<br>Stanford Research Park<br>3300 Hillview Avenue<br>Palo Alto, CA 94304<br>Tel.: (650)849-6600<br>Fax: (650)849-6666 | Howard M. Ullman,<br>E. Anne Hawkins<br>ORRICK, HERRINGTON, &<br>SUTCLIFFE LLP<br>405 Howard Street<br>San Francisco, CA 94105<br>Fax: (415)773-5759 |
| William S. Farmer, Jr.<br>COLLETTE, ERICKSON, FARMER<br>& O'NEILL LLP<br>235 Pine Street, Ste. 1300<br>San Francisco, CA 94104<br>Tel.: (415)788-4646<br>Fax: (415)788-6929 | Robert E. Frietas<br>Cynthia Wickstrom<br>Na'il Benjamin<br>ORRICK, HERRINGTON &<br>SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025<br>Tel.: (650)614-7400<br>Fax: (650)614-7401 |
| **Attorneys for Defendants Winbond Electronics Corporation and Winbond Electronics Corporation America** | **Attorneys for Defendants Nanya Technology Corporation and Nanya Technology Corporation, USA** |
| Dated: August 15, 2006 | Dated: August 15, 2006 |
| By: /s/ Kenneth O'Rourke | |
| Terrence A. Callan<br>Albert J. Boro, Jr.<br>PILLSBURY WINTHROP SHAW<br>PITTMAN LLP<br>50 Fremont Street<br>Post Office Box 7880<br>San Francisco, CA 94120-7880<br>Fax: (415)983-1200 | |
| Michael Tubach<br>O'MELVENY & MYERS LLP<br>Embarcadero Center West<br>275 Battery Street<br>San Francisco, CA 94111-3305<br>Tel.: (415)984-8876<br>Fax: (415)984-8701 | |
| Daniel Lee Alexander<br>Kenneth O'Rourke<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, CA 90071<br>Tel.: (213)430-6000<br>Fax: (213)430-6407 | |

Ian T. Simmons
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC  20006-4001
Tel.: (202)383-5106
Fax: (202)383-5414

**Attorneys for Defendants Hynix Semiconductor, Inc. and Hynix Semiconductor America Inc.**

## ATTESTATION

I attest that Jerome A. Murphy, Andrea DeShazo, Kenneth O'Rourke, Harrison J. Frahn, Howard M. Ullman, Steven H. Morrissett, and Donald R. Harris have concurred in the filing of this document and that their original signatures will be retained on-file pursuant to General Order 45, Section X.B.

Dated:  August 15, 2006.

                                                                /s/
                                   Christine E. Cwiertny

[P~~ROPOSED~~] ORDER

Based upon the stipulation of the parties, and for good cause shown, the foregoing is hereby SO ORDERED:

Dated: 8/21/06

_____
Hon. Phyllis J. Hamilton
United States District Judge



IT IS SO ORDERED
Judge Phyllis J. Hamilton

# EXHIBIT A

## AGREEMENT CONCERNING MATERIAL COVERED BY AN ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

The undersigned hereby acknowledges that he or she has read the attached STIPULATION AND PROTECTIVE ORDER entered in the United States District Court for the Northern District of California, in the litigation know as SUN MICROSYSTEMS, INC. v. HYNIX SEMICONDUCTOR, INC., ET AL, Case No. C 06-01665 PJH, and understands the terms thereof and agrees to be bound by such terms. The undersigned further acknowledges and understands that a violation of the Protective Order could be punishable as a contempt of court.

Dated:_____              _____

                                                                           [Type or Print Name]