UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN MICROSYSTEMS INC., | Case No. C-06-01665 PJH (JCS) |
| Plaintiff(s), | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL** [Docket Nos. 129 and 130] |
| HYNIX SEMICONDUCTOR INC., ET AL., | |
| Defendant(s). | |
| | |
| UNISYS CORPORATION, | Related Case No. C-06-2915 PJH (JCS) |
| Plaintiff(s), | [Docket No. 67] |
| v. | |
| HYNIX SEMICONDUCTOR INC., ET AL., | |
| Defendant(s). | |

## I. THE MOTION

The Court has received a Joint Letter from Defendants Hynix Semiconductor Inc. and Hynix Semiconductor America Inc. (collectively "Hynix"), Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., and Mitsubishi Electric Europe, B.V. (collectively "Mitsubishi"), and Plaintiffs Sun Microsystems, Inc. and Unisys Corporation, which the Court construes as a motion to compel (the "Motion"). The following counsel appeared for argument on the Motion before the undersigned on May 18, 2007: Daniel Cross, Jerome Murphy, and Christina Dallen on behalf of Plaintiffs; Kenneth Keller, Terrence Truax, and Norm Hirsch on behalf of Mitsubishi; Steven Bergman and Kenneth O'Rourke on behalf of Hynix; and Scott Morgan on

behalf of the Mosel Defendants. For the reasons stated on the record, and good cause appearing, IT IS HEREBY ORDERED as follows:

    A.    The deadline for Sun and Unisys to produce all non-privileged documents responsive to the request for production of documents served on December 15, 2006, is **June 30, 2007**. Sun and Unisys shall produce such documents on a rolling basis between the date of this Order and June 30, 2007, and shall produce all such documents not later than June 30, 2007.

    B.    Sun and Unisys shall produce, **not later than June 30, 2007**, all documents specifically referring to the inclusion of any amounts paid by Sun or Unisys for DRAM products in the price(s) charged by Sun and Unisys to their customers. Alternatively, if no such documents exist, Sun and Unisys shall so state in a document response under oath.

    C.    Sun and Unisys shall fully respond to Mitsubishi's Interrogatory Nos. 3, 4, and 5 **not later than thirty (30) days before the date on which the first expert reports are due** in these matters.

    D.    Except as stated above, the Motion is DENIED.

## II.    DISPUTE RESOLUTION PROCEDURES

Except in an emergency, before filing any future discovery motions, the parties shall abide by the following procedure to ensure the prompt resolution of any disputes:

    A.    Counsel for the parties shall first meet and confer to attempt to resolve any discovery dispute. This may be done by telephone, e-mail, or other form of correspondence.

    B.    If the dispute is not resolved in short order through the meet-and-confer effort, lead trial counsel for the parties involved in the dispute shall meet and confer *in person* to resolve any disputes. Any party may demand such a meeting on five (5) business days' notice. The location of these meetings shall alternate, with Plaintiffs' counsels' offices being the first location for any such in-person meeting, and Defendants' counsel choosing the next location for an in-person meeting, etc. The parties may also, by agreement, set the location of such in-person meetings.

    C.    If the dispute is not resolved through this in-person meeting, the parties shall submit a joint letter brief, not to exceed to three pages, setting forth the substance of the dispute, the positions of each relevant party, and the final compromise positions offered.

D. Upon receipt of the joint letter brief, the Court will determine what action will be taken by either issuing a ruling, holding a telephonic hearing, or, in rare cases, requesting supplemental briefing from the parties.

### III. RESPONSES TO INTERROGATORIES

Any interrogatory response made under Rule 33(d) of the Federal Rules of Civil Procedure, shall include BATES numbers. The BATES numbers referred to shall, pursuant to Rule 33(d), identify documents from the requested information can readily be identified.

### IV. DEPOSITIONS

A. The parties shall meet and confer with respect to the location of all depositions. The Court expects, to the extent that a witness has travelled to the United States for business, or otherwise done business in the United States, that generally those witness depositions will occur in the United States. The deposing party shall be responsible for paying reasonable travel and lodging costs for any foreign witness produced in the United States.

B. Deposition rules: all depositions taken in the United States will be governed by the Federal Rules of Civil Procedure. For any deposition taken outside of the United States, the parties shall meet and confer on the reconciliation of the applicable foreign law with the Federal Rules of Civil Procedure. During depositions, counsel shall not instruct witnesses not to answer, except on the grounds of attorney/client privilege, work product privilege, the Fifth Amendment to the United States Constitution, beyond the scope of a 30(b)(6) topic for which the witness is designated, or any other applicable privilege that prevents the witness from testifying.

IT IS SO ORDERED.

Dated: May 21, 2007

JOSEPH C. SPERO
United States Magistrate Judge