# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| Sun Microsystems, Inc., et al. v. Hynix Semiconductor, Inc., et al. (Case No. C-06-01665 PJH (Consolidated) | Case No. C-06-01665 PJH (Consolidated)<br>Case No. C-06-02915 PJH<br>Case No. C-07-01200 PJH<br>Case No. C-07-01207 PJH<br>Case No. C-07-01212 PJH<br>Case No. C-07-01381 PJH |
| Unisys Corporation v. Hynix Semiconductor, Inc., et al. (Case No. C-06-02915 PJH) | |
| Jaco Electronics, Inc. v. Hynix Semiconductor, Inc., et al. (Case No. C-07-01212 PJH) | [PROPOSED] ORDER RE: DISCOVERY PLAN |
| Edge Electronics, Inc. v. Hynix Semiconductor, Inc., et al. (Case No. C-07-01207 PJH) | |
| All American Semiconductor, Inc. v. Hynix Semiconductor, Inc., et al. (Case No. C-07-01200 PJH) | |
| DRAM Claims Liquidation Trust, by its Trustee, Wells Fargo Bank, N.A. v. Hynix Semiconductor, Inc., et al. (Case No. C-07-01381 PJH) | |

The Court, having considered the papers filed by Plaintiffs and Defendants and the oral argument of counsel, along with all other papers on file in this action, and good cause appearing, HEREBY ORDERS THAT:

1. **Coordination of Discovery**

The parties on each side of these actions, collectively across all six actions, will coordinate with one another to avoid the duplication of discovery, including deposition notices and examinations of witnesses. Subject to the limitations set forth below, the parties may divide their respective time allocations for depositions among themselves however they choose, but no plaintiff or defendant may duplicate the examination, or any portion thereof, already taken of a witness by a plaintiff or defendant. This does not prohibit non-repetitive deposition questioning of witnesses already deposed in the MDL litigation. For the purpose of this Discovery Plan, parent-subsidiary defendant entities shall be treated as a single Defendant Group. The parties may deviate from these limitations by mutual agreement.

2. **Number of Permitted Depositions**

All plaintiffs collectively in these actions ("Plaintiffs"), on the one hand, and all defendants collectively ("Defendants"), on the other hand, as two collective groups, are each permitted to take a total of forty-five (45) depositions of parties across these six actions. Seven hours of Rule 30(b)(6) testimony is considered one deposition for purposes of Plaintiffs' and Defendants' overall limit of forty-five (45) depositions each. The limit of forty-five (45) depositions each for Plaintiffs and Defendants does not apply to third-party depositions.

3. **Deposition Locations**

The parties shall meet and confer with respect to the location of all depositions. The Court expects, to the extent that a witness has traveled to the United States for business, or otherwise done business in the United States, that generally those witness depositions will occur in the United States.

The deposing party shall be responsible for paying reasonable travel and lodging costs for any foreign witness produced in the United States. For any depositions held outside the United States, each party producing witnesses for those depositions will make reasonable efforts to make all its respective witnesses available within the same timeframe and within the same vicinity so that the parties may minimize the number of trips taken outside the United States for depositions and the time required for those depositions. Depositions taken outside the United States need not be held at an embassy or consulate, but rather may be held at any facility agreed upon by the parties, unless otherwise prohibited by foreign law. For witnesses noticed after September 17, 2007, and who are currently employed by a party, the employing party shall advise the noticing party of the location within one week of receiving such notice of deposition.

4. **Deposition Rules**

All depositions taken in the United States will be governed by the Federal Rules of Civil Procedure. For any deposition taken outside of the United States, the parties shall meet and confer on the reconciliation of the applicable foreign law with the Federal Rules of Civil Procedure. During depositions, counsel shall not instruct witnesses not to answer, except on the grounds of attorney/client privilege, work product privilege, the Fifth Amendment to the United States Constitution, beyond the scope of a 30(b)(6) topic for which the witness is designated, or any other applicable privilege that prevents the witness from testifying.

5. **Fifth Amendment Depositions**

Counsel for the Defendant by whom a noticed deponent is employed will attempt in good faith to notify Plaintiffs fourteen (14) calendar days before the agreed-upon date of any deposition if the deponent plans to invoke his or her Fifth Amendment privilege against self-incrimination at the deposition. The parties recognize, however, that circumstances affecting a deponent's decision whether to invoke the privilege may change at a time within that fourteen-day (14-day) period.

Moreover, individual deponents are not parties to this litigation and may be represented by separate counsel. Defendants do not exercise final control over the timing of deponents' decisions about this matter, nor do they have the power to waive any individual's Fifth Amendment rights. In the event that an employee-deponent's decision changes within the fourteen-day (14-day) period, counsel for the relevant Defendant will notify Plaintiffs as quickly as practicable of the deponent's plans. Nothing in this provision shall be construed to affect the right of any employee or deponent to invoke his or her Fifth Amendment privilege against self-incrimination.

6. **Time Limits for Depositions**

All parties agree that there is a presumption that each Rule 30(b)(1) deposition should be taken within the allotted seven-hour (7-hour) time frame pursuant to Federal Rule of Civil Procedure 30(d)(2). If a party determines that it is necessary to expand this timeframe for any reason, this will be negotiated on a witness-by-witness basis. Nothing in this order shall be construed as eliminating or otherwise limiting a party's ability under the Federal Rules of Civil Procedure and/or Court's rules to adjourn a deposition and seek a protective order terminating the deposition in the event a party believes that a deposition has exceeded a reasonable amount of time.

7. **30(b)(6) Witness Scheduling**

On or before September 28, 2007, each party shall provide to all other parties the following information:

    a. the dates on which each of the party's 30(b)(6) designees are available to be deposed; and

    b. with respect to each designee:

        i. The topics on which the witness has been designated;

        ii. The witness's name, if a particular witness has already been determined; and

        iii. The location at which the designee will be produced.

SO ORDERED:

Dated: 1/8, 2008

_____
Hon. Joseph C. Spero
United States Magistrate Judge

RUDD SELLAR (1914-2005)
A.J. ENGLEKING (1924-1981)
JAMES L. HAZARD
WILLIAM E. MANNING
EDWARD M. LAI
JAMES J. FICENEC

## SELLAR HAZARD MANNING FICENEC & LAI

A PROFESSIONAL LAW CORPORATION
1800 SUTTER STREET, SUITE 460
CONCORD, CALIFORNIA 94520
TELEPHONE (925) 938-1430
FAX (925) 256-7508

AARON HANCOCK
BRENT F. BASILICO
ANDRES L. WILLIAMS
LAURA KOESON

October 25, 2007

*Via E-filing*

Hon. Joseph C. Spero
United States Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

Re: Case Nos. C06-01665 PJH (Consolidated), C06-01212 PJH, C06-01207 PJH, C06-01200 PJH and C07-01381 PJH

Your Honor:

In accordance with the court's instructions, Plaintiffs and Defendants hereby submit the accompanying Proposed Order Re: Discovery Plan that has been approved as to form by all parties.

Very truly yours,

SELLAR HAZARD MANNING FICENEC & LAI

JAMES J. FICENEC

O'MELVENY & MEYERS, LLP

PAUL SALVATY

Enclosure

47660