United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUN MICROSYSTEMS INC.,

    Plaintiff,

    v.

HYNIX SEMICONDUCTOR INC., et al.,

    Defendants.
_____/

No. C 06-1665 PJH

**ORDER DEFERRING CONSIDERATION OF MOTION TO EXTEND EXPERT DISCOVERY AND SETTING FURTHER CASE MANAGEMENT CONFERENCE**

This Document Also Relates to:

Unisys Corp. v. Hynix et al., C 06-2915 PJH
All American Semiconductor v. Hynix et al., C 07-1200 PJH
Edge Electronics v. Hynix et al., C 07-1207 PJH
Jaco Electronics v. Hynix et al., C 07-1212 PJH
DRAM Claims Liquidation Trust v. Hynix et al., C 07-1381 PJH
_____/

Before the court is defendants' administrative motion to modify the pretrial scheduling order, to extend the time for defendants' submission of expert reports. Defendants' request is the second such request in less than 4 months, coming on the heels of plaintiffs' September 2007 request to modify the pretrial schedule – a request that the court largely denied on September 24, in view of the fact that both parties had only three months prior to that expressly *requested* the very pretrial schedule from which plaintiffs sought relief. Notwithstanding the relatively short time period between the June 2007 entry of the parties' requested pretrial schedule and the court's denial of plaintiffs' September 2007 request to modify pretrial dates, defendants now seek similar relief from the court.

According to defendants, an extension of the deadline for filing their expert reports is warranted for a variety of reasons, including: the presence of outstanding discovery

disputes; outstanding depositions of plaintiffs' experts; plaintiffs' refusal to properly answer outstanding contention interrogatories; and plaintiffs' failure to produce relevant evidence. All of which, assert defendants, makes the timely filing of expert reports impossible. In support of these claims, defendants submit the Declaration of Julian Brew, along with various exhibits attached thereto. Plaintiffs, unsurprisingly, vigorously contest defendants' assertions, submitting their own Declaration of Jerome Murphy, which consists of forty-two paragraphs setting forth plaintiffs' contrary version of events, and various other exhibits.

Preliminarily, the court is uninterested in combing through the parties' competing declarations and submitted exhibits, in an effort to ascertain which side's recounting of events is more persuasive, or which version of events is more credible. Nor is the court inclined to involve itself in the minutiae of the parties' discovery disputes. The court expects the parties to be able to work together in cooperative fashion, to undertake good faith efforts to arrive at mutually agreeable dates, and to avoid burdening the court with unnecessary requests for relief that serve to detract from the time that the court is able to spend on more pressing and legitimate matters – many of which are currently pending in the same overall DRAM litigation to which the instant cases belong.

Normally, the court does not establish or require pretrial schedules as extensive as the pretrial schedule currently in effect in the instant cases, which calls for deadlines with respect to not only expert reports, but expert depositions as well. This is because, for its part, the court is primarily concerned simply with establishing firm deadlines with respect to dispositive motions and the trial date, and with ensuring that the discovery cutoff date provides the parties adequate time to meaningfully prepare and litigate their cases at both aforementioned stages.

Here, however, the court agreed to the parties' pretrial schedule because the parties themselves specifically requested and stipulated to such a schedule. Clearly, though, the schedule is not working for either party, as both parties have now requested relief from it, in the less than seven months since the parties requested entry of that same schedule.

Moreover, although defendants have couched their present request by way of a request to modify the date for the submission of their expert reports, a quick review of the pretrial schedule suggests that any adjustment to this date will likely result in the need for additional modifications to the rest of the pretrial schedule, up to and including the trial date.

In view of this situation, and because the court desires to avoid having to entertain similar requests by either party in the future, the court declines to modify the current pretrial schedule without additional input from the parties. To that end, the parties are hereby ORDERED to attend a further case management conference, which shall take place on **January 24, 2008**, at **2:30 p.m**. The parties shall meet and confer beforehand, and come to the conference prepared to state whether they seek modification of the deadlines for expert report submission only, or for any additional pretrial deadlines as well. The parties shall also be prepared to discuss and jointly propose, at a minimum, mutually agreeable dates for the setting of (1) a final cutoff deadline for all expert discovery; (2) a dispositive motion hearing deadline; and (3) a pretrial and trial date. The court will not impose any further pretrial deadlines aside from these, unless the parties mutually agree upon such dates, and furthermore are able to persuade that court that no further modifications to such schedule are foreseeable.

In addition, the parties shall take into account the following: first, to the extent that the court is amenable to providing relief from the current schedule in order to accommodate expert discovery, no similar relief shall be granted for fact discovery, since the fact discovery cutoff has already passed. Second, while the court generally requires 120 days between the hearing on dispositive motions and the trial date, in the present instance, the court is inclined to require 150 days between the two. Finally, assuming the current pretrial schedule is adjusted and the trial date continued, the earliest available trial date will likely be June 2009, due to the court's voluminous calendar.

In sum, the court declines to modify the pretrial schedule as suggested by

3

defendants, pending completion of the case management conference ordered herein. The court accordingly DEFERS consideration of defendants' administrative motion until such time, and the parties are relieved of the current pretrial deadlines until then.

**IT IS SO ORDERED.**

Dated: January 10, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge