UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUN MICROSYSTEMS INC.,

      Plaintiff,

  v.

HYNIX SEMICONDUCTOR, INC., et al.,

      Defendants.
_____/

No. C 06-1665 PJH

**PRETRIAL ORDER NO. 2**

This document also filed in **related cases**:

Unisys Corp., v. Hynix, et al., C 06-2915 PJH
All American Semiconductor v. Hynix, et al., C 07-1200 PJH
Edge Electronics v. Hynix, et al., C 07-1207 PJH
Jaco Electronics v. Hynix, et al., C07-1212 PJH
DRAM Claims Liquidation Trust v. Hynix, et al., C 07-1381 PJH
_____/

     A case management conference attended by counsel for all parties was held on January 24, 2008. Although defendants' request to extend expert discovery deadlines precipitated the scheduling of the conference, a number of other issues were discussed as set forth below.

**Pretrial Schedule**

The October 2008 trial date is VACATED. The new pretrial schedule is as follows:

| | |
|---|---|
| Deadline for defendants' expert reports | March 7, 2008 |
| Deadline for plaintiffs' expert rebuttal reports | May 2, 2008 |
| Deadline for expert discovery | May 23, 2007 |
| Deadline for filing dispositive motions | July 30, 2008 |
| Deadline for filing oppositions | September 24, 2008 |

| | |
|---|---|
| Deadline for filing replies | October 29, 2008 |
| Hearing on dispositive motions | December 10, 2008, 9:00 am |
| Pretrial conference | April 23, 2009, 2:30 pm |
| Trial | June 1, 2009, 8:30 am |

No further modifications of this schedule will likely be approved by the court. This order supercedes Pretrial Order No. 1, filed on June 25, 2007, with respect to the pretrial schedule.

**Discovery**

The revised pretrial schedule extends the deadlines for expert discovery only. Fact discovery has already closed and will not be reopened. The court will approve no further extensions on outstanding fact discovery. The motions to compel and other discovery matters currently pending before Judge Spero, will be handled by him in due course and he may, of course, set a deadline beyond the discovery cutoff date for completion of any discovery event that he orders. The stipulations filed by plaintiffs and Samsung on December 26, 2007 and January 16, 2008 (corrected January 23, 2008) to extend the date to file motions to compel fact discovery, are referred to Judge Spero for resolution.

**Sealing Requests**

The court is aware of four pending requests to seal documents; two were filed on December 28, 2008, and the others were filed on January 10 and 16, 2008. It appears to the court that they all pertain to discovery matters pending before Judge Spero, and will accordingly be referred to his chambers for resolution. The parties are advised that the court rarely grants such requests in conjunction with dispositive motions or trial given the heightened showing required when the merits are under consideration. A showing of good cause may suffice to entitle the moving party to a sealing order in conjunction with discovery motions, but a showing of compelling circumstances must be made to obtain a sealing order in conjunction with dispositive motions and trial. The parties are referred to the court's standing order for sealed and confidential documents.

**Courtesy Copies**

Several, but by no means all, counsel are not complying with the requirement that a courtesy copy of each document be provided to chambers no later than noon of the day following the filing of the document. Compliance is particularly important for administrative motions and matters that require a quick response. Chambers staff will no longer download copies of e-filed briefs and proposed orders, and if a chambers copy is not provided, no action will be taken by the court on the request.

**Docketing**

Simply put, the dockets in these cases are a mess. While the court expects counsel to do a better job of keeping track of which motions and dockets pertain to which parties, and to discontinue using the docket as a message center, the court acknowledges that prior orders may account for some of the problem. The August 29, 2006 order was the court's first attempt to devise a plan for keeping the docket straight. The opt-out parties were ordered to file all papers only in the individual case to which such papers relate. However, those documents that pertained to other opt-out cases were to be filed in those cases as well. A week later, on September 6, 2006, the court ruled on a motion by Unisys Corporation to consolidate its matter with Microsystem's. In approving consolidation, the court ordered that the two consolidated cases retain their individual case numbers and that all pretrial documents be filed in both cases. This order applied only to the Sun Microsystems and Unisys actions. Honeywell was pending at the time, but was not part of the consolidation. The court has been unable to locate a subsequent order on this question following the relation of the other four opt-out cases in 2007. Thus it appears that counsel may have perhaps just been following the September 6, 2006 order in Docket No. C 06-2915, by filing all papers in all dockets.

This might explain why Samsung's counsel filed its recent stipulation with plaintiffs in all cases even though it claims to be a defendant in only two cases – C 07-1207 PJH and C 07-1381 PJH. Notwithstanding Samsung's counsel's insistence that Samsung is a

defendant in only two cases, it is listed as a defendant in a third case, C 07-1200 PJH, as well.  More troublesome, however, is the fact that, with a few exceptions, every plaintiff is listed as a plaintiff on each of the six dockets even though the complaints in each of the six cases, names only one plaintiff.  Additionally, for some reason, Samsung is listed as a plaintiff instead of a defendant on at least two of the dockets.  It is impossible to determine how or why these docketing errors were made, but these problems along with those described by the court at the conference require that we take steps to correct the docketing errors and that the correct docketing procedure be stated with clarity.

First, the orders consolidating any and all cases are VACATED and all opt-out cases are ordered **de-consolidated**.  The cases remain related to each other (and to the MDL C 02-1486 PJH) and all discovery must continue to be coordinated.

Second, to assist the court in correcting the dockets, counsel for each plaintiff shall review the docket and prepare a statement listing all parties in all pleadings that have been filed, along with counsel for each of the parties.  This statement must then be provided to counsel for defendants to confirm the accuracy of each designation.  Because the defendants have successfully and efficiently coordinated all aspects of the defense of these cases, the court designates one attorney, Julian Brew, as the depositary for the statements.  Mr. Brew shall thereafter coordinate the review by defense counsel.  Once all parties confirm the accuracy of the designations, the statement (or six separate statements) shall be submitted to the court in hard copy.  This statement should not be filed or e-filed.  The parties are requested to complete this task within two weeks.

Third, future filings in these six cases should be made only in the docket for which a document pertains and not in all dockets, unless the document pertains to all dockets.  If a party is not listed as a party in a particular docket, that party's documents should not be filed in that docket.  This problem is likely to arise when only one (or fewer than all) defendants file a motion or when a plaintiff files a motion against only one (or fewer than all defendants).  The case caption should include only those cases to which the document

pertains and should be in the format of the caption appearing in this order.

**IT IS SO ORDERED.**

Dated: January 28, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge