UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUN MICROSYSTEMS INC.,

        Plaintiff(s),

  v.

HYNIX SEMICONDUCTOR INC., ET AL.,

        Defendant(s).

_____/

Case No. C-06-01665 PJH (JCS) and
Related Case Nos. C-06-2915 PJH (JCS)
C-07-1212 PJH (JCS)
C-07-1207 PJH (JCS)
C-07-1200 PJH (JCS)
C-07-1381 PJH (JCS)

**ORDER DENYING PLAINTIFFS' MOTION TO TAKE DEPOSITION OF 30(b)(6) WITNESS**
[Docket Nos. 248, 312 in C-06-01665 PJH; Docket No. 217 in C-06-02915 PJH]

Plaintiffs and the Nanya Defendants submitted a joint letter dated December 28, 2007 (the "Motion"). The Motion is suitable for resolution without oral argument.

In the Motion, Plaintiffs seek the production of a witness, under Rule 30 (b) (6), to testify on the decline in "wafer outs" in late 2001 and early 2002 and on the "challenges with [defendants'] yield and production" that allegedly caused this decline.

The Motion is DENIED. Plaintiffs complain that the witness identified with respect to this topic, Dr. Pai, did not have any specific knowledge about this topic. While Plaintiffs are correct that the subjects of these wafer outs and their causes conceivably fall within one or more of the many deposition topics contained in Plaintiffs' notice of deposition, Defendants did not agree to those topics and, in fact, objected to those topics. Indeed, on November 19, 2007, Defendants' counsel notified counsel for Plaintiffs of the four topics on which this witness would testify. None of those four topics was the wafer outs in 2001 and 2002. Plaintiffs specifically agreed that the witness would only have to discuss production topics generally, and would not be required to discuss the reasons for any particular decline in output at any particular time. Ullman Declaration, ¶ 9. Finally, Plaintiffs were alerted to the fact that Mr. Pai could not answer questions about this detail when he

testified in Taiwan on November 28, 2007. Plaintiffs completed the deposition – not even using the second day set aside for the witness' testimony – and did not object to the witness' lack of knowledge at that time, or ask the witness to provide additional information that might be more readily available in Taiwan.

While an additional deposition should not be compelled at this time, the information requested is undoubtedly relevant to the claims at issue in this case. Accordingly, the Court gives Plaintiffs permission to propound five interrogatories on the topic of the decline in wafer outs in late 2001 and early 2002 and on the challenges with Defendants' yield and production that allegedly caused this decline.

IT IS SO ORDERED.

Dated: February 13, 2008

JOSEPH C. SPERO
United States Magistrate Judge