UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUN MICROSYSTEMS INC.,

       Plaintiff,

       v.

HYNIX SEMICONDUCTOR, INC., et al.,

       Defendants.
_____/

No. C 06-1665 PJH

**SCHEDULING ORDER**

This document also filed in **related cases**:

Unisys Corp., v. Hynix, et al., C 06-2915 PJH
All American Semiconductor v. Hynix, et al., C 07-1200 PJH
Edge Electronics v. Hynix, et al., C 07-1207 PJH
Jaco Electronics v. Hynix, et al., C07-1212 PJH
DRAM Claims Liquidation Trust v. Hynix, et al., C 07-1381 PJH

_____/

      Defendants have filed either individually or collectively eleven motions in one or all six of the above-entitled actions, for what appears to be a total of thirty two motions (two filed by all defendants in each of the six actions (12), two filed by Nanya in each of the six actions (12), three filed by all defendants against Sun (3), one filed by all defendants against Unisys (1), one filed by all defendants against Jaco (1), one filed by NEC against All American (1), one filed by NEC against Jaco (1), one filed by all defendants against the Trust (1)).  The notices of joinder filed on August 8 and 12, 2008, appear to indicate that all defendants named in each of the six actions, have joined in the motions filed by their co-defendants.  In response to the court's request that the parties meet and confer and attempt to arrive at a modification of the briefing schedule set forth in Pretrial Order No. 2, that would stagger the briefing and hearing schedule so that the court might reasonably be

able to hear and decide these motions, the parties have filed a stipulation suggesting a November 12, 2008 hearing date in addition to the December 10, 2008 hearing date. In addition, counsel for Sun, on behalf of all plaintiffs, has submitted a letter in which he suggests that a referral to Magistrate Judge Spero, for decision on the one non-dispositive motion and for report and recommendation on the dispositive motions, might allow the court to reduce the number of motions it must decide "in the near term while maintaining the current trial date."

The court does not consider the suggested referral a practical option in the absence of consent of the defendants to entry of a final order by Judge Spero. Any matter referred for a report and recommendation is subject to de novo review upon the objection of either party to any finding of the magistrate judge. There is every reason to assume that the losing party would necessarily file objections. De novo review would amount to largely duplicative work by both judges and would not likely save sufficient time overall, to be worthwhile. Because of the duplicative nature of de novo review, this district does not routinely refer dispositive motions to magistrate judges and the court declines to do so here.

However, the court is mindful of plaintiffs' interest in maintaining the June 2009 trial date in view of the prior continuance granted defendants. Upon further consideration, the court has decided upon a more significant staggering of the pending motions to better ensure that the June 2009 trial date is maintained. As the *Sun Microsystems v. Hynix* case will be tried first, the motions involving Sun will be heard first. Thus, the parties may brief all motions in accordance with the original schedule found in Pretrial Order No. 2. On December 10, 2008 (or more likely a special setting on December 18), the court will hear the following motions: 1) defendants' motion to dismiss claims in the Sun case under the FTAIA, 2) defendants' omnibus motion for summary judgment in the Sun case, 3) defendants' motion to exclude the testimony of plaintiffs' expert White, 4) defendants' motion for summary judgment regarding the external manufacturers in the Sun case, 5)

defendants' motion for summary judgment regarding purchases from Mitsubishi in the Sun case, and 6) the two motions of Nanya Taiwan and Nanya USA joined by other defendants for summary judgment in the Sun case. It is difficult to tell without having reviewed the fully briefed motions, whether this plan is overly ambitious, given the court's very heavy docket for the upcoming months. If it becomes apparent to the court after reviewing the papers that it cannot prepare for hearing on all seven motions, the parties will be notified. At a minimum, the first three motions will be heard and the remaining four will be rescheduled for hearing at the end of January. The court will endeavor to issue a ruling on these motions so that the trial date will not have to be continued, but the court makes no promises.

      The motions pertaining to the other plaintiffs will be scheduled for hearing at a later time.

**IT IS SO ORDERED.**

Dated: August 13, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge