# Exhibit 6

1  NIALL E. LYNCH (State Bar No. 157959)                    Original Filed May 11, 2005
   NATHANAEL M. COUSINS (State Bar No. 177944)
2  EUGENE S. LITVINOFF (State Bar No. 214318)               E-Filing
   MAY Y. LEE (State Bar No. 209366)
3  Antitrust Division
   U.S. Department of Justice
4  450 Golden Gate Avenue
   Box 36046, Room 10-0101
5  San Francisco, CA  94102
   Telephone:  (415) 436-6660
6
   Attorneys for the United States
7
                  UNITED STATES DISTRICT COURT
8
                NORTHERN DISTRICT OF CALIFORNIA
9
                    SAN FRANCISCO DIVISION
10

11  UNITED STATES OF AMERICA            )    Case No.  CR 05-249 PJH
                                        )
12                                      )
          v.                            )
13                                      )
    HYNIX SEMICONDUCTOR INC.,           )
14                                      )
                    Defendant.          )
15  ──────────────────────────────     )

16                      **PLEA AGREEMENT**

17         The United States of America and HYNIX SEMICONDUCTOR INC. ("Defendant"), a

18  corporation organized and existing under the laws of the Republic of Korea ("Korea"), hereby

19  enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of

20  Criminal Procedure ("Fed. R. Crim. P."):

21                   **RIGHTS OF DEFENDANT**

22         1.    The Defendant understands its rights:

23               (a)    to be represented by an attorney;

24               (b)    to be charged by Indictment;

25               (c)    as a corporation organized and existing under the laws of Korea, to

26  decline to accept service of the Summons in this case, and to contest the jurisdiction of

27  the United States to prosecute this case against it in the United States District Court for

28  the Northern District of California;

*Hynix Plea Agreement*                    1

(d)    to plead not guilty to any criminal charge brought against it;

(e)    to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(f)    to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(g)    to appeal its conviction if it is found guilty; and

(h)    to appeal the imposition of sentence against it.

<u>**AGREEMENT TO PLEAD GUILTY**</u>
<u>**AND WAIVE CERTAIN RIGHTS**</u>

2.    The Defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above, including all jurisdictional defenses to the prosecution of this case, and agrees voluntarily to consent to the jurisdiction of the United States to prosecute this case against it in the United States District Court for the Northern District of California.  The Defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 9 of this Plea Agreement, regardless of how the sentence is determined by the Court.  This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) and (c).  Further, pursuant to Fed. R. Crim. P. 7(b), the Defendant will waive indictment and plead guilty at arraignment to a one-count Information to be filed in the United States District Court for the Northern District of California.  The Information will charge the Defendant with participating in a conspiracy in the United States and elsewhere to suppress and eliminate competition by fixing the prices of Dynamic Random Access Memory ("DRAM") to be sold to certain original equipment manufacturers of personal computers and servers ("OEMs") from on or about April 1, 1999, to on or about June 15, 2002, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.     The Defendant, pursuant to the terms of this Plea Agreement, will plead guilty to the criminal charge described in Paragraph 2 above and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

**FACTUAL BASIS FOR OFFENSE CHARGED**

4.     Had this case gone to trial, the United States would have presented evidence to prove the following facts:

(a)     For purposes of this Plea Agreement, the "relevant period" is that period from on or about April 1, 1999, to on or about June 15, 2002.  During the relevant period, the Defendant was a corporation organized and existing under the laws of Korea. The Defendant has its headquarters and principal place of business in Ichon, Korea. From April 1, 1999, to approximately March 2001, Defendant did business as Hyundai Electronics Industries Co., Ltd., a corporation organized and existing under the laws of Korea.  In approximately October 1999, Defendant acquired LG Semiconductor Co., Ltd., a corporation organized and existing under the laws of Korea.

(b)     DRAM is the most commonly used semiconductor memory product. DRAM provides high-speed storage and retrieval of electronic information in personal computers, servers, and other devices.  During the relevant period, the Defendant was a producer of DRAM and was engaged in the sale of DRAM in the United States and elsewhere.  For purposes of the Plea Agreement, "DRAM" means dynamic random access memory semiconductor devices and modules, including synchronous dynamic random access memory ("SDRAM") and double data rate dynamic random access memory ("DDR") semiconductor devices and modules, but not Rambus dynamic random access memory ("RDRAM") semiconductor devices and modules.  During the relevant period, Hynix's DRAM sales, directly affected by the conspiracy, to OEMs in the United States totaled $839 million.

(c)     During at least certain periods of time during the relevant period, the Defendant, through certain officers and employees, participated in a conspiracy in the United States and elsewhere among certain DRAM producers, the primary purpose of

*Hynix Plea Agreement*                              3

which was to fix the price of DRAM sold to certain OEMs.  The conspiracy directly affected these OEMs in the United States: Dell Inc., Hewlett-Packard Company, Compaq Computer Corporation, International Business Machines Corporation, Apple Computer Inc., and Gateway, Inc.  In furtherance of the conspiracy, the Defendant, through certain officers and employees, engaged in discussions and attended meetings with representatives of certain other DRAM producers and sellers.  During these discussions and meetings, agreements were reached to fix the price of DRAM to be sold to certain OEMs.

(d)     At certain times during the relevant period, DRAM prices decreased significantly.  Nevertheless, the Defendant and its coconspirators reached agreements to limit the rate of price declines, which were achieved with varying levels of effectiveness. At other periods, the Defendant and its coconspirators reached agreements on price increases and were able to institute price increases on DRAM sales to certain OEMs.

(e)     During the relevant period, DRAM sold by one or more of the conspirator firms, and equipment and supplies necessary to the sale of DRAM, as well as payments for DRAM, traveled in interstate and foreign commerce.  The business activities of the Defendant and its co-conspirators in connection with the sale of DRAM affected by this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

(f)     Acts in furtherance of this conspiracy were carried out within the Northern District of California.  DRAM affected by this conspiracy was sold by one or more of the conspirators to OEMs in this District.

## CALCULATION OF SENTENCE

5.     The United States contends that had this case gone to trial, the United States would have presented evidence to prove that the gain derived from or the loss resulting from the charged offense is sufficient to justify a fine of $185 million, pursuant to 18 U.S.C. § 3571(d). For purposes of this plea and sentencing, the Defendant waives its right to contest this calculation.

## POSSIBLE MAXIMUM SENTENCE

6.     The Defendant understands that the statutory maximum penalty which may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a)     $10 million (15 U.S.C. § 1);

(b)     twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c)     twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

7.     In addition, the Defendant understands that:

(a)     pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)     pursuant to § 8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.," or "Guidelines"), 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c)     pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8.     The Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing sentence.  The Defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard.  The Defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).  Pursuant to U.S.S.G. § 1B1.8, the United States agrees that self-incriminating information that the Defendant and its cooperating officers and employees provide to the United States pursuant to this Plea Agreement will not be used to increase the

*Hynix Plea Agreement*                    5

1   volume of affected commerce attributable to the Defendant or in determining the Defendant's

2   applicable Guidelines range, except to the extent provided in U.S.S.G. § 1B1.8(b).

3                                   **SENTENCING AGREEMENT**

4        9.       Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the Defendant

5   agree that the appropriate disposition of this case is, and agree to recommend jointly that the

6   Court impose a sentence requiring the Defendant to pay to the United States a criminal fine of

7   $185 million, pursuant to 18 U.S.C. § 3571(d), payable in installments as set forth below without

8   interest pursuant to 18 U.S.C. § 3612(f)(3)(A) ("the recommended sentence").  The parties agree

9   that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not

10  adequately taken into consideration by the U.S. Sentencing Commission in formulating the

11  Guidelines justifying a departure pursuant to U.S.S.G. § 5K2.0.  The parties agree not to seek or

12  support any sentence outside of the Guidelines range nor any Guidelines adjustment for any

13  reason that is not set forth in this Plea Agreement.  The parties further agree that the

14  recommended sentence set forth in this Plea Agreement is reasonable.

15          (a)     The United States and the Defendant agree to recommend, in the interest

16      of justice pursuant to 18 U.S.C. § 3572(d)(1) and U.S.S.G. § 8C3.2(b), that the fine be

17      paid in the following installments:  within 30 days of imposition of sentence — $10

18      million; at the one-year anniversary of imposition of sentence ("anniversary") — $35

19      million; at the two-year anniversary — $35 million; at the three-year anniversary — $35

20      million; at the four-year anniversary — $35 million; and at the five-year anniversary —

21      $35 million; provided, however, that the Defendant shall have the option at any time

22      before the five-year anniversary of prepaying the remaining balance then owing on the

23      fine.

24          (b)     The Defendant understands that the Court will order it to pay a $400

25      special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine

26      imposed.

27          (c)     The United States and the Defendant jointly submit that this Plea

28      Agreement, together with the record that will be created by the United States and the

*Hynix Plea Agreement*                              6

Defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 11, will provide sufficient information concerning the Defendant, the crime charged in this case, and the Defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and Defendant agree to request jointly that the Court accept the Defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the Defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. § 6A1.1, and Rule 32-1(b) of the U.S.D.C. N.D. California Criminal Local Rules. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

10.    The United States and the Defendant agree that the applicable Guidelines fine range exceeds the fine contained in the recommended sentence set out in Paragraph 9 above. The United States agrees that, based on Defendant's ongoing cooperation, the United States would have moved the court for a downward departure pursuant to U.S.S.G. § 8C4.1, but for the fact that the amount of the fine that the United States would have recommended as a downward departure for substantial assistance provided still would have exceeded Defendant's ability to pay. The parties further agree that the recommended fine is appropriate, pursuant to U.S.S.G. § 8C3.3(a) and (b), due to the inability of the Defendant to make restitution to victims and pay a fine greater than that recommended without substantially jeopardizing its continued viability.

11.    Subject to the ongoing, full, and truthful cooperation of the Defendant described in Paragraph 14 of this Plea Agreement, and before sentencing in the case, the United States will fully advise the Court and the Probation Office as to: (i) the fact, manner, and extent of the Defendant's cooperation and its commitment to prospective cooperation with the United States' investigation and prosecutions; (ii) all material facts relating to the Defendant's involvement in the charged offense; and (iii) all other relevant conduct.

12.    The United States and the Defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

(a)    If the Court does not accept the recommended sentence, the United States and the Defendant agree that this Plea Agreement, except for Paragraph 12(b) below, shall be rendered void.

(b)    If the Court does not accept the recommended sentence, the Defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)).  If the Defendant withdraws its guilty plea, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement, or made in the course of plea discussions with an attorney for the government, shall not be admissible against the Defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410.  In addition, the Defendant agrees that if it withdraws its guilty plea pursuant to this subparagraph of the Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 16 of this Plea Agreement will be tolled for the period between the date of the signing of the Plea Agreement and the date the Defendant withdrew its guilty plea or for a period of sixty (60) days after the date of the signing of the Plea Agreement, whichever period is greater.

13.    In light of the civil class action cases filed against Defendant, including *In re DRAM Antitrust Litigation*, No. M-02-1486PJH, MDL No. 1486, in the United States District Court, Northern District of California, and *DRAM Cases*, No. CJC-03-004265, in the Superior Court, San Francisco, California, which potentially provide for a recovery of a multiple of actual damages, the United States agrees that it will not seek a restitution order for the offense charged in the Information.

**DEFENDANT'S COOPERATION**

14.    The Defendant, including its predecessors such as Hyundai Electronics Industries Co., Ltd. and LG Semiconductor Co., Ltd., and their subsidiaries (including but not limited to Hynix Semiconductor America Inc.) (collectively, "Related Entities") will cooperate fully and truthfully with the United States in: (i) the prosecution of this case; (ii) the current federal investigation of violations of federal antitrust and related criminal laws involving the production

or sale of DRAM in the United States and elsewhere (including, for purposes of Paragraphs 14 and 16, RDRAM); and (iii) any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively i-iii, "Federal Proceeding"). The ongoing, full, and truthful cooperation of the Defendant shall include, but not be limited to:

(a)     producing to the United States all non-privileged documents, information, and other materials (with translations into English), wherever located, in the possession, custody, or control of the Defendant or any of its Related Entities, requested by the United States in connection with any Federal Proceeding; and

(b)     using its best efforts to secure the ongoing, full, and truthful cooperation, as defined in Paragraph 15 of this Plea Agreement, of the current directors, officers, and employees of the Defendant or any of its Related Entities as may be requested by the United States – but excluding Choon-Yub (C.Y.) Choi, Chaekyun (C.K.) Chung, Dae Soo (D.S.) Kim, Kun Chul (K.C.) Suh, and Gary Swanson – including making these persons available in the United States and at other mutually agreed-upon locations, at the Defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

15.     The ongoing, full, and truthful cooperation of each person described in Paragraph 14(b) above will be subject to the procedures and protections of this Paragraph, and shall include, but not be limited to:

(a)     producing in the United States and at other mutually agreed-upon locations all non-privileged documents (with translations into English), including claimed personal documents, and other materials, wherever located, requested by attorneys and agents of the United States in connection with any Federal Proceeding;

(b)     making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States;

(c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or

*Hynix Plea Agreement*                    9

intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503);

(d)    otherwise voluntarily providing the United States with any non-privileged material or information not requested in (a) - (c) of this Paragraph that he or she may have that is related to any Federal Proceeding;

(e)    when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401- 402), and obstruction of justice (18 U.S.C.  § 1503); and

(f)    agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 17(c), the statute of limitations period for any Relevant Offense as defined in Paragraph 17(a) will be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under the Plea Agreement.

## GOVERNMENT'S AGREEMENT

16.    Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, and subject to the cooperation requirements of Paragraph 14 of this Plea Agreement, the United States agrees that it will not bring further criminal charges against the Defendant or any Related Entities for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the production or sale of DRAM in the United States and elsewhere (including, for purposes of Paragraphs 14 and 16, RDRAM)*,* or undertaken in connection with any investigation of such a conspiracy.  The nonprosecution terms of this Paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

17.    The United States agrees to the following:

(a)    Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 17(c), the United States will not bring criminal charges against any current or former director, officer, or employee of the Defendant or its Related Entities for any act or offense committed before the date of this Plea Agreement and while that person was acting as a director, officer, or employee of the Defendant or its Related Entities that was undertaken in furtherance of an antitrust conspiracy involving the production or sale of DRAM in the United States and elsewhere, or undertaken in connection with any investigation of such a conspiracy ("Relevant Offense"), except that the protections granted in this Paragraph shall not apply to C.Y. Choi, C.K. Chung, D.S. Kim, K.C. Suh, and Gary Swanson;

(b)    Should the United States determine that any current or former director, officer, or employee of the Defendant or its Related Entities may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the Defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the Defendant;

(c)    If any person requested to provide cooperation under Paragraph 17(b) fails to comply with his or her obligations under Paragraph 15, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

(d)    Except as provided in Paragraph 17(e), information provided by a person described in Paragraph 17(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration

*Hynix Plea Agreement*                                11

(18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503);

(e)     If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 15 of this Plea Agreement, the agreement in Paragraph 17(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

(f)     The nonprosecution terms of this Paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence; and

(g)     Documents provided under Paragraphs 14(a) and 15(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the Defendant and/or any of its Related Entities.

18.     The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from entering or departing the United States.  This Paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503), or contempt (18 U.S.C. §§ 401- 402) in connection with any testimony or information provided or requested in any Federal Proceeding.

19.     The Defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take.  However, the United States agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the Defendant and its Related Entities, including the fact that the United States would have moved for a downward

1    departure from the Guidelines fine range pursuant to U.S.S.G. § 8C4.1, but for the fact that the

2    amount of the fine that the United States would have recommended as a downward departure for

3    substantial assistance provided still would have exceeded Defendant's ability to pay.

4                               **REPRESENTATION BY COUNSEL**

5        20.    The Defendant has been represented by counsel and is fully satisfied that its

6    attorneys have provided competent legal representation.  The Defendant has thoroughly reviewed

7    this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any

8    possible defenses to the charge, and the nature and range of possible sentences.

9                                      **VOLUNTARY PLEA**

10       21.    The Defendant's decision to enter into this Plea Agreement and to tender a plea of

11   guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises,

12   or representations other than the representations contained in this Plea Agreement.  The United

13   States has made no promises or representations to the Defendant as to whether the Court will

14   accept or reject the recommendations contained within this Plea Agreement.

15                           **VIOLATION OF PLEA AGREEMENT**

16       22.    The Defendant agrees that, should the United States determine in good faith,

17   during the period that any Federal Proceeding is pending, that the Defendant or any of its Related

18   Entities has failed to provide full and truthful cooperation, as described in Paragraph 14 of this

19   Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United

20   States will notify counsel for the Defendant in writing by personal or overnight delivery or

21   facsimile transmission and may also notify counsel by telephone of its intention to void any of its

22   obligations under this Plea Agreement (except its obligations under this Paragraph), and the

23   Defendant and its Related Entities shall be subject to prosecution for any federal crime of which

24   the United States has knowledge including, but not limited to, the substantive offenses relating to

25   the investigation resulting in this Plea Agreement.  The Defendant may seek Court review of any

26   determination made by the United States under this Paragraph to void any of its obligations under

27   the Plea Agreement.  The Defendant and its Related Entities agree that, in the event that the

28   United States is released from its obligations under this Plea Agreement and brings criminal

*Hynix Plea Agreement*                          13

1    charges against the Defendant or its Related Entities for any offense referred to in Paragraph 16 of

2    this Plea Agreement, the statute of limitations period for such offense will be tolled for the period

3    between the date of the signing of this Plea Agreement and six months after the date the United

4    States gave notice of its intent to void its obligations under this Plea Agreement.

5        23.    The Defendant understands and agrees that in any further prosecution

6    of it or its Related Entities resulting from the release of the United States from its obligations

7    under this Plea Agreement, because of the Defendant's or its Related Entities' violation of the

8    Plea Agreement, any documents, statements, information, testimony, or evidence provided by it,

9    its Related Entities, or its current directors, officers, or employees of it or its Related Entities, to

10   attorneys or agents of the United States, federal grand juries, or courts, and any leads derived

11   therefrom, may be used against it or its Related Entities in any such further prosecution.  In

12   addition, the Defendant unconditionally waives its right to challenge the use of such evidence in

13   any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

14                        **ENTIRETY OF AGREEMENT**

15       24.    This Plea Agreement constitutes the entire agreement between the United States

16   and the Defendant concerning the disposition of the criminal charge in this case.  This Plea

17   Agreement cannot be modified except in writing, signed by the United States and the Defendant.

18       25.    The undersigned is authorized to enter this Plea Agreement on behalf of the

19   Defendant as evidenced by the Resolution of the Board of Directors of the Defendant attached to,

20   and incorporated by reference in, this Plea Agreement.

21       26.    The undersigned attorneys for the United States have been authorized

22   by the Attorney General of the United States to enter this Plea Agreement on behalf of the United

23   States.

24       27.    A facsimile signature shall be deemed an original signature for the purpose of

25   executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of

26   executing this Plea Agreement.

27

28

*Hynix Plea Agreement*                    14

1    DATED: April _20_, 2005

2

3    AGREED

4    BY:_____/s/_____          BY:_____/s/_____
     Hynix Semiconductor Inc.                 Niall E. Lynch, CA No. 157959
5    San 136-1, Ami-ri, Bubal-eub             Nathanael M. Cousins, CA No. 177944
     Ichon-si, Kyoungki-do                    Eugene S. Litvinoff, CA No. 214318
6    Republic of Korea                        May Y. Lee, CA No. 209366
                                              Trial Attorneys
7                                             U.S. Department of Justice
                                              Antitrust Division
8    BY:_____/s/_____          450 Golden Gate Avenue
     Michael F. Tubach                        Box 36046, Room 10-0101
9    O'Melveny & Myers LLP                    San Francisco, CA 94102
     Embarcadero Center West                  Tel: (415) 436-6660
10   275 Battery Street                       Fax: (415) 436-6687
     San Francisco, CA 94111
11   Tel: (415) 984-8700
     Fax: (415) 984-8701
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Hynix Plea Agreement*                    15