UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUN MICROSYSTEMS INC.,

    Plaintiff,

    v.

HYNIX SEMICONDUCTOR INC., et al.,

    Defendants.
_____/

No. C 06-1665 PJH

**NOTICE OF DEFICIENCY RE PRETRIAL FILINGS**

    The court is in receipt of several chambers copies recently filed by the parties in connection with their pending pretrial motions, filed in advance of the parties' May 7, 2009 pretrial conference. Having reviewed the chambers copies, the court finds them deficient in several respects.

    First, plaintiff's three motions to exclude the expert testimony of Vincent E. O'Brien, Alan J. Cox, Kevin Murphy, Robert Topel, and Charles D. Weisselberg, have each been improperly submitted. Rather than submitting a separate notice of motion and motion, supporting declaration and exhibits, and proposed order, plaintiff has instead stacked each on top of the other and submitted a single bound document for the court's review. Furthermore, the various documents lodged under seal in connection with plaintiff's motions have either been improperly labeled in the caption, or else lack a label altogether. These errors not only violate the local rules as set forth in Civil L.R. 7-2 et seq., but they make it extremely impractical for the court to review plaintiff's papers with any degree of speed or efficiency, or to appropriately designate each document (with respect to the documents lodged under seal). The court also notes that this is the second notice of deficiency that has been served on plaintiff's counsel in as many weeks.

Second, the parties' actual pretrial filings are also deficient. In lieu of serving the court with individual copies of all pretrial filings, for example, the court has instead received two single bound stacks of documents entitled "Joint Pretrial Statement" attached to exhibits numbering A to S1, which contain the various requisite pretrial filings (e.g., witness and exhibit lists, proposed jury instructions, etc.). This compilation of documents is improper, unwieldy, and most importantly, impossible for the court to wade through effectively. Rather, and as set forth in the court's normal pretrial order – a form copy of which was provided and/or made available to the parties in advance of their pretrial filings – each required pretrial filing must be individually filed, bound, and submitted to the court in like fashion.

In sum, and in view of the foregoing deficiencies, the court declines to accept the parties' chambers copies as submitted. Instead, the parties shall submit revised chambers copies to the court that comply with this court's local rules and the revised pretrial order issued in this case, no later than April 8, 2009.

**IT IS SO ORDERED.**

Dated: April 6, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge