UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUN MICROSYSTEMS INC.,

    Plaintiff,

    v.

HYNIX SEMICONDUCTOR INC., et al.,

    Defendants.
_____/

No. C 06-1665 PJH

**ORDER RE PLAINTIFF'S PENDING MOTIONS IN LIMINE**

        The court is in receipt of defendant Hynix's administrative request to file additional pages in opposition to plaintiff's pending motions in limine. The administrative request was necessitated by plaintiff's motion in limine filings, which as defendant points out, include several more pages and in limine requests than that which is allowed under the court's standing pretrial order.

        Defendant's request dovetails with the court's independent review of plaintiff's filings. Based on that review, the court counts a total of four in limine motions filed by plaintiff. This number in and of itself complies with the court's pretrial instructions, which permit no more than five in limine motions to be submitted by each party, each exceeding no more than five pages in length. Indeed, two of plaintiff's motions – the Motion Regarding Adverse Inferences of Fifth Amendment Testimony, and the Motion to Exclude Certain Evidence at Trial Pursuant to Fed. R. Civ. P. 26 and 37 – comply with the five page limitation. The additional two motions, however, do not. Both the Motion to Exclude Certain Evidence At Trial Pursuant to Fed. R. Evid. 401, 402, 403, 602, 605, 801 and 802 and the Motion to Exclude Certain Evidence at Trial Pursuant to Fed. R. Evid. 401, 402, 403, and 408, each number eleven and ten pages, respectively. Not only do these two

motions violate the court's rule regarding page limitations, but they also cover multiple in limine issues (eleven, according to the court's count), in further violation of the letter and spirit of the court's pretrial order.

The court can determine no justification for the plaintiff's failure to comply with either the letter or spirit of the court's pretrial instructions.  Plaintiff's failure to comply is all the more striking, given that defendants had no apparent trouble complying with the same instructions.  The court also notes that at no time did plaintiff request – prior to the filing of its motions in limine – any modification of the court's pretrial instructions, if plaintiff was in need of such.  Had plaintiff properly requested an additional grant of pages, or some other pertinent modification, the court would have likely granted it.

As it currently stands, however, plaintiff has incorrectly assumed that, by submitting the present motions to the court without explanation, the court will proceed to decide the motions without comment.  Plaintiff is mistaken.  Rather, the court will only take plaintiff's motions under submission as follows:  plaintiff's Motion Regarding Adverse Inferences of Fifth Amendment Testimony, and the Motion to Exclude Certain Evidence at Trial Pursuant to Fed. R. Civ. P. 26 and 37, are deemed properly submitted.  As for plaintiff's two remaining motions, however, the court will take under submission the first 5 pages of each motion only.  The remaining extraneous pages are STRICKEN from the record.

As an alternative to this option, however, the court grants plaintiff 48 hours from the date of this order in which to revise and resubmit its Motion to Exclude Certain Evidence At Trial Pursant to Fed. R. Evid. 401, 402, 403, 602, 605, 801 and 802 and its Motion to Exclude Certain Evidence at Trial Pursuant to Fed. R. Evid. 401, 402, 403, and 408.  Any resubmitted motions must comply with the court's five page limitation.  In view of the large amount of substantive in limine motions targeted in plaintiff's pending motions, the court will also allow any revised motions to be submitted without limitation placed on the amount of substantive issues that plaintiff may raise *within the allowable five pages*.  Any revised motions are due no later than Friday, April 17.  If plaintiff chooses to file revised motions,

1  defendants will have until next Friday, April 24, 2009, to file oppositions to the motions.

2       Plaintiff shall notify defense counsel of its intent to file revised motions, or to simply
3  stand on the first five pages of the currently pending motions, no later than noon (Pacific
4  time) tomorrow, April 16.  In the event plaintiff elects to stand on the motions as currently
5  submitted (and subject to the above ruling), defendants shall have until April 17, 2009, to
6  file their opposition briefs.

7       Defendants' pending request for a single additional page in response to plaintiff's
8  Motion to Exclude Certain Evidence at Trial Pursuant to Fed. R. Civ. P. 26 and 37 is
9  GRANTED, in view of defendants' joint opposition to the motions.

11 **IT IS SO ORDERED.**

12 Dated: April 15, 2009

13 _____
   PHYLLIS J. HAMILTON
   United States District Judge

**United States District Court**
For the Northern District of California

3