Jerome A. Murphy *(pro hac vice)*
David D. Cross *(pro hac vice)*
Matthew J. McBurney *(pro hac vice)*
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
Telephone:     202-624-2500
Facsimile:     202-628-5116
E-mail:        jmurphy@crowell.com
               dcross@crowell.com
               mmcburney@crowell.com

Daniel A. Sasse (CA Bar No. 236234)
Theresa C. Lopez (CA Bar No. 205338)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA  92614-8505
Telephone:     949-263-8400
Facsimile:     949-263-8414
E-mail:        dsasse@crowell.com
               tlopez@crowell.com

*Counsel for Plaintiff Sun Microsystems, Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| SUN MICROSYSTEMS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HYNIX SEMICONDUCTOR INC., et al.,<br><br>Defendants. | Case No. C 06-01665 PJH<br><br>**PLAINTIFF SUN MICROSYSTEMS, INC.'S NOTICE OF MOTION AND MOTION TO STRIKE THE DECLARATIONS OF DEFENDANTS' EXPERT WITNESSES**<br><br>Date: June 3, 2009<br>Time: 9:00 am<br>Place: Courtroom 5, 17th Floor<br>Judge: Hon. Phyllis J. Hamilton |

1  **NOTICE OF MOTION AND MOTION TO STRIKE**

2  TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3  PLEASE TAKE NOTICE that on June 3, 2009 at 9:00 a.m. in Courtroom 5 of the above-

4  entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, or as soon

5  thereafter as the matter may be heard by the above-entitled Court, Plaintiff Sun Microsystems,

6  Inc. ("Sun") will and hereby does move this Court, pursuant to Rules 26 and 37 of the Federal

7  Rules of Civil Procedure, Rule 403 of the Federal Rules of Evidence, and Civil Local Rules 7-

8  2(b), 7-4(b) and 7-5(b), for an Order striking the declarations of Defendants Hynix

9  Semiconductor Inc. and Hynix Semiconductor America Inc.'s (collectively "Hynix") expert

10  witnesses, Drs. Kevin Murphy and Robert Topel, submitted with Hynix's March 19, 2009

11  Motion to Exclude Plaintiff's Expert Mr. Boris J. Steffen, CPA [Docket No. 525] ("Steffen

12  Motion") and April 16, 2009 Opposition to Plaintiff's Motion to Exclude the Testimony of

13  Hynix's Expert Witnesses Kevin Murphy and Robert Topel [Docket No. 649] ("Murphy/Topel

14  Opposition").  This motion is made pursuant to the grounds that the declarations submitted by

15  Hynix are untimely, unduly prejudicial, and violate several Civil Local Rules of this Court.  This

16  motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, all

17  pleadings and papers on file with the Court in this action, and any other or further admissible

18  evidence and arguments as may be presented at the hearing on this motion.

19  **MEMORANDUM OF POINTS AND AUTHORITIES**

20  **I.      INTRODUCTION**

21  Sun moves to strike the untimely declarations of Hynix's expert witnesses, Drs. Kevin

22  Murphy and Robert Topel, submitted with Hynix's Steffen Motion and Murphy/Topel

23  Opposition.  Hynix submitted two declarations – one each from Drs. Murphy and Topel – in

24  connection with both the Steffen Motion and Murphy/Topel Opposition.  *See* Docket Nos. 525-

25  7, 525-8, 649-7 and 649-8.

26  All four declarations violate Fed. R. Civ. P. 37(b) and (c) because the information

27  contained therein was not disclosed to Sun prior to the deadlines imposed by Fed. R. Civ. P.

28  26(a)(2) and the Court's January 28, 2008 pre-trial order regarding expert discovery.  In

1   addition, the submission of these declarations unduly prejudices Sun.  Finally, the declarations

2   violate several Local Rules regarding the contents of declarations and the appropriate length of

3   briefs or memoranda.

4          This Court recently struck a declaration submitted by Sun's expert, Dr. Halbert L. White,

5   which Sun submitted in response to certain evidentiary objections asserted by defendants in

6   relation to their motion to strike Dr. White's testimony ("White Declaration").  *See* Order

7   Granting Motion to Dismiss; Denying Motion to Exclude; And Order Granting Summary

8   Judgment in Part and Denying Summary Judgment in Part at 69 (Mar. 31, 2009) ("March 31

9   Order") [Docket No. 548]. Defendants moved to strike the White Declaration for all the same

10  reasons discussed herein. Thus, this Court should reach the same conclusion with respect to the

11  improper declarations submitted by Hynix's experts.

12         For these reasons, all four declarations should be stricken and should not be considered

13  by the Court in ruling on the Steffen and Murphy/Topel Motions.

14  **II.     STATEMENT OF FACTS**

15         **A.     Procedural Background**

16         As clearly outlined by this Court in its January 28, 2008 pre-trial order, the deadline for

17  the submission of defendants' expert reports was March 7, 2008, and the overall deadline for

18  completing expert discovery in this case was May 23, 2008.  *See* Pretrial Order No. 2 [Docket

19  No. 307]. Prior to those deadlines, Drs. Murphy and Topel each submitted an expert report and

20  were deposed by Sun.  Sun submitted the expert rebuttal report of Boris Steffen on May 2,

21  2008, and Mr. Steffen was deposed on May 23, 2008.  Hynix's experts did not submit any

22  further reports after receipt of Mr. Steffen's report or his deposition.

23         On March 19, 2009, nearly ten months after the close of expert discovery and Mr.

24  Steffen's deposition, Hynix filed newly-minted declarations from both its experts in

25  connection with its Steffen Motion.  On that same day, Sun filed its unrelated motion to

26  exclude the testimony of Drs. Murphy and Topel ("Murphy/Topel Motion").  *See* Docket No.

27  533.

28         On March 31, 2009, this Court issued an opinion declining to consider a declaration

1    submitted by Sun's economic expert, Dr. Halbert L. White, in relation to defendants' motion

2    to strike his testimony.  *See* March 31 Order at 69. This Court struck the declaration on the

3    ground that it was submitted after the close of expert discovery.  *Id.*  Just two weeks later, on

4    April 16, notwithstanding this Court's March 31 Order, Hynix filed *additional* declarations

5    from Drs. Murphy and Topel in connection with its Murphy/Topel Opposition.

6         Hynix's Steffen Motion and Sun's Murphy/Topel Motion have been fully briefed and

7    are set to be heard by this Court on May 7, 2009.

8    **B.    Hynix's Belated Expert Declarations Contain New Analyses And Opinions
            Never Before Disclosed**

9

10        The declarations of Drs. Murphy and Topel filed with Hynix's Steffen Motion are 11

11   pages and 10 pages respectively and contain additional expert opinions that were never included

12   in either Dr. Murphy's or Dr. Topel's expert reports.  For example Dr. Murphy's declaration

13   specifically states "I have been asked to review the May 2, 2008 report of Boris J. Steffen and **to**

14   **provide an opinion** . . . ."  and "My purpose here is **to evaluate Mr. Steffen's claims** . . . I do

15   so by comparing my original estimates with **new estimates** . . . ."   Murphy 3/19/09 Declaration

16   ¶¶ 2, 10 (emphasis added).  Likewise, the declaration of Dr. Topel states that he was asked to

17   review Mr. Steffen's expert report and "to **give an opinion** as to the effect, if any, of Mr.

18   Steffen's cost calculations on my estimates of the overcharges on DRAM purchases . . . ."

19   Topel 3/19/09 Declaration ¶ 2 (emphasis added).  Both declarations also include additional

20   analyses, charts, and figures not included in their expert reports.  *See* Murphy 3/19/09

21   Declaration ¶ 9 & Figs. 1-3; Topel 3/19/09 Declaration ¶¶ 4, 8, 12 & Figs. 1-3.

22        The declarations of Drs. Murphy and Topel filed with Hynix's Murphy/Topel

23   Opposition are 25 pages and 7 pages respectively and also contain additional expert opinions

24   not included in their initial expert reports.  For example, Dr. Murphy's declaration contains

25   additional analysis using new "hypothetical prices" to generate new exhibits.  *See* Murphy

26   4/16/09 Declaration ¶ 38 & Ex. 26A.  It also includes new exhibits on topics such as "demand

27   elasticity" and "actual vs. predicted supply."  *Id.* ¶¶ 30-31, 34, 43, 55, 61. Similarly, Dr. Topel's

28   declaration includes new exhibits on "demand elasticity" that were never included in his original

report.  *See* Topel 4/16/09 Declaration ¶¶ 9, 11.  In addition, substantial portions of both declarations are devoted to directly responding to the arguments made in Sun's Murphy/Topel Motion.  *See* Murphy 4/16/09 Declaration ¶9 (". . . I now discuss the specific criticisms in the Plaintiff's Motion to exclude my testimony.  Plaintiff's allegations fall into three categories."); *see also* Topel 4/16/09 Declaration ¶ 6 ("I now discuss the specific criticisms of my analysis in the Plaintiff's Motion to exclude my testimony.  Plaintiff alleges three shortcomings in my analysis.").

## III.   ARGUMENT

### A.   The Murphy And Topel Declarations Are Inconsistent With This Court's March 31 Order

Hynix cannot reasonably oppose this motion given its own motion to strike the White Declaration last year.  *See* Objection and Motion to Strike the Declaration of Plaintiffs' Expert Witness Halbert White Submitted With Plaintiffs' Responses to Defendants' Evidentiary Objections on Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Witness Halbert White (Dec. 12, 2008) ("Hynix's Motion to Strike") [Docket No. 498].  This is particularly true given that this Court granted that motion just a few weeks ago, finding that the White Declaration "violate[d] the deadline for completing expert discovery that was imposed in this case," as argued by Hynix and its co-defendants.  March 31 Order at 69. Hynix's new expert declarations suffer from all the same deficiencies Hynix attributed to the White Declaration, which this Court obviously found sufficient to strike that declaration.  *Id.* In its December 12 motion to strike, Hynix argued:

> [T]he Supplemental [White] Declaration contains additional expert opinions that were not previously disclosed. Plaintiffs' submission of the White Declaration is therefore in violation of Pre-Trial Order No. 2: it contains additional expert work product and additional materials White claims support its opinions and was submitted almost six months after the deadline for expert discovery has expired.

Hynix's Motion to Strike at 3. As shown below, this same argument applies with even greater force to Hynix's new expert declarations.

1    Hynix's declarations suffer from even graver deficiencies than those attributed to the

2    White Declaration because of the timing of their disclosure, the extensive new analyses and

3    opinions contained within them, and the purpose for which they have been submitted. The

4    White declaration, unlike the declarations of Drs. Murphy and Topel at issue here, did not

5    present any new expert analysis or opinions that Dr. White intended to offer at trial.[1]

6    Additionally, it was produced solely in response to certain evidentiary objections Hynix

7    asserted in relation to Sun's opposition to Hynix's *Daubert* motion directed at Dr. White.  It

8    was not offered as a response to the earlier opinions of defendants' experts or directly in

9    response to the arguments in the *Daubert* motion itself—hence the reason it was filed with

10   Sun's responses to Hynix's evidentiary objections rather than with Sun's opposition to

11   defendants' *Daubert* motion.

12   The declarations of Drs. Murphy and Topel, on the other hand, offer new analyses and

13   opinions directly in response to expert reports Sun produced *nearly a full year ago*, and Hynix

14   seemingly intends to offer these new opinions at trial.  Additionally, Hynix's declarations were

15   produced some four months *after* the White Declaration, which Hynix argued already was

16   untimely – and this Court agreed. As Hynix's declarations present new analyses and opinions

17   that go well beyond the nature of what was presented in the White Declaration and come some

18   four months later, their exclusion is even more justifiable under this Court's March 31 Order.

19   Hynix cannot offer any reason for this Court to reach a contrary conclusion on this motion

20   than it did on Hynix's Motion to Strike the White Declaration. Therefore, this Court should

21   reach the same result here.  Indeed, fairness demands it.

22

23

24

25

26   ―――――――――――――

27   [1] *See* Sun's Opposition to Defendants' Motion to Strike the Declaration of Plaintiffs' Expert
     Witness Halbert White Submitted with Plaintiffs' Responses to Defendants' Evidentiary
     Objections on Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Witness
28   Halbert White dated December 12, 2008 [Docket No. 503].

**B.     The Murphy And Topel Declarations Should Be Stricken Because They Violate Fed. R. Civ. P. 26 And This Court's Order Regarding Expert Discovery**

Under Fed. R. Civ. P. 26(a)(2), disclosure of expert testimony must be made "at the time and in the sequence that the court orders."  Fed. R. Civ. P. 37 (c)(1) additionally states that "if a party fails to provide information…as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Expert testimony or opinion provided after the deadline for doing so should be stricken from the record.  *See United States v. 14.3 Acres of Land*, No. 07-886, 2009 U.S. Dist. LEXIS 7148, *33-34 (S.D. Cal. Jan. 30, 2009) (striking supplemental expert report filed three weeks after expert discovery deadline). Such exclusion under Rule 37(c)(1) is "'self executing' and 'automatic.'" *See Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 641 (D. Haw. 2008) (quoting Fed. R. Civ. P. 37(c) advisory committee's notes (1993 Amendments)); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-7 (9th Cir. 2001) (the party seeking exclusion need not prove willfulness or bad faith on the part of the non-disclosing party; nor must the nondisclosure be proven prejudicial to warrant exclusion).

Hynix, as the party facing sanctions, has the burden to show that its failure to comply with Rule 26 was either substantially justified or harmless.  *See Yeti by Molly*, 259 F.3d at 1107.  It cannot make this showing for the same reasons – and more – that this Court struck the White Declaration.

On January 28, 2008, this Court entered Pretrial Order No. 2, which required defendants' expert reports to be submitted by March 7, 2008 and required all expert discovery to be concluded by May 23, 2008.  *See* Pretrial Order No. 2 at 1; *see also* 9/04/07 Stipulation and Order Re Expert Discovery at ¶ 1 [Docket No. 172] ("the data or other information considered by the witness in forming the [expert's] opinions" to be produced within three days after serving the expert reports).  Nevertheless, despite this Court's order, and nearly ten months after the close of expert discovery, Hynix now has submitted four additional expert declarations – two from Dr. Murphy and two from Dr. Topel – which contain new expert

1   opinions and work product, as well as data and other information not previously disclosed by

2   Hynix.  As a result, submission of the additional declarations of Drs. Murphy and Topel

3   violates the Court's Pre-Trial Order No. 2, and therefore, should be stricken.

4           Even if Hynix were somehow able to circumvent the deadlines in this Court's Pre-Trial

5   Order No. 2, Hynix also has violated Fed. R. Civ. P. 37(c) by failing to disclose expert

6   testimony and information in the time allotted by Rule 26(a).  Nor can Hynix argue that the

7   declarations of Drs. Murphy and Topel are being offered as timely, proper rebuttal to the

8   opinions and analyses of Sun's rebuttal experts under Fed. R. Evid. 26(a)(2)(C) or

9   supplemental expert disclosures under Fed. R. Evid. 26(e)(1).  Rebuttal evidence was due

10  within *30 days* of Sun's expert disclosures *last year*, and none of the declarations satisfies the

11  requirements for proper supplementation.[2]

12          **B.      The Murphy and Topel Declarations Unduly Prejudice Sun**

13          Hynix provides no excuse or explanation for submitting additional expert opinions,

14  conclusions, and data nearly ten months after the close of expert discovery and less than two

15  months before trial.  In addition, when it submitted the April 16, 2009 declarations of Drs.

16  Murphy and Topel, Hynix was well aware of this Court's ruling, just two weeks earlier, on

17  expert declarations submitted after the close of discovery, a ruling Hynix itself sought.

18          While Sun does not believe that the four declarations submitted by Drs. Murphy and

19  Topel in anyway support the granting of Hynix's Steffen Motion or the denial of Sun's

20  Murphy/Topel Motion, Sun nevertheless would be unduly prejudiced if the Court were to

21  consider this additional new material at this late date; therefore, the declarations should be

22  excluded.  *See* Fed. R. Evid. 403.  For example, Sun and its experts have had no opportunity to

23  test Dr. Murphy's new regression analysis based on "hypothetical prices,"  *see* Murphy

24  4/16/09 Declaration ¶ 38 & Ex. 26A, or any of the numerous new arguments and conclusions

25  set forth in the declarations.  *See* Murphy 3/19/09 Dec. at 2 ("Summary of My Conclusions");

26

27  _____

28  [2] Rather than burden this Court with duplicative briefing, Sun hereby incorporates by reference
    the arguments asserted in its Motion in Limine to Exclude Certain Evidence at Trial Pursuant to
    Fed R. Civ. P. 26 and 37 and Court Orders dated March 31, 2009 at 2-5 [Docket No. 562].

1   Topel 3/19/09 Dec. 2 ("Summary of My Conclusions"); Murphy 4/16/09 Dec. ¶ 32 ("Thus, the

2   results in Exhibit 16A show definitively . . . ."); Murphy 3/19/09 Dec. ¶ 9: ("Mr. Steffen

3   wrongly concludes, without considering or understanding my econometric methodology, that

4   the fact that I did not make his recommended adjustments to the Shapiro cost data necessarily

5   biases my original impact estimates. . . . I then use his series in my model in order to test his

6   conclusions that my 'findings and conclusions are prejudiced' because my model includes the

7   Shapiro cost series.  My results show that Mr. Steffen's conclusions are invalid.").  Sun also

8   has had no opportunity to depose Drs. Murphy and Topel on their new work and opinions, and

9   re-opening discovery now, on the eve of trial, would impose substantial undue burden on Sun,

10  even were it appropriate.

11        C.      **The Murphy And Topel Declarations Are Improper And Should Be
                  Stricken Because They Violate This Court's Local Rules Regarding The
12                Proper Form of Declarations and Page Limits**

13        Civil Local Rule 7-2(b) requires that motions not exceed 25 pages in length.  Likewise,

14  Civil Local Rule 7-4(b) states: "[u]nless the Court expressly orders otherwise . . . briefs or

15  memoranda filed with opposition papers may not exceed 25 pages of text . . . ."   The March

16  19, 2009 declarations of Drs. Murphy and Topel contain additional improper argument as to

17  why the testimony of Mr. Steffen should be excluded.  Likewise, the April 16, 2009

18  declarations of Drs. Murphy and Topel contain additional improper argument responding to

19  the points made in Sun's Murphy/Topel Motion.  This Court did not grant relief to Hynix from

20  the Local Rule page limitations with respect to either the Steffen Motion or the Murphy/Topel

21  Opposition.  Therefore, the addition of  21 pages of declarations (11 pages from Dr. Murphy

22  and 10 pages from Dr. Topel) to the Steffen Motion and 32 pages of declarations (25 pages

23  from Dr. Murphy and 7 pages from Dr. Topel) violate the explicit page limits set forth in Civil

24  Local Rules 7-2(b) and 7-4(b), and these declarations should be stricken. *See* Hynix's Motion

25  to Strike at 4.

26        Further, Civil Local Rule 7-5(b) states that any affidavit or declaration made in support

27  of, or in opposition to, any motion "may contain only facts, must conform as much possible to

28  the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument."  Yet all

1   four declarations contain conclusions and arguments (some specifically aimed at the points

2   raised in Sun's Murphy/Topel Motion). Therefore, the declarations submitted by Hynix also

3   violate Civil Local Rule 7-5(b) and should be stricken. *Id.*

4   **IV.    <u>CONCLUSION</u>**

5          Hynix cannot mount an even colorable opposition to this motion given the arguments

6   asserted in its own Motion to Strike the White Declaration and this Court's March 31 Order

7   granting that motion.  For the reasons set forth above, Sun respectfully requests that the four

8   declarations of Drs. Murphy and Topel submitted in connection with Hynix's Steffen Motion

9   and Murphy/Topel Opposition be stricken in their entirety and not considered by this Court in

10  ruling upon those motions.

11

12  DATED:  April 24, 2009                          CROWELL & MORING LLP

13
                                                    */s/ David D. Cross*
14                                                  _____

15                                                  Jerome A. Murphy
                                                    David D. Cross
16                                                  Matthew J. McBurney
                                                    1001 Pennsylvania Avenue, N.W.
17                                                  Washington, D.C.  20004-2595
                                                    Phone: 202-624-2578
18                                                  Fax:    202-628-5116

19                                                  Daniel A. Sasse
                                                    Theresa Lopez
20                                                  3 Park Plaza, 20th Floor
                                                    Irvine, CA  92614-8505
21                                                  Phone: 949-263-8400
                                                    Fax:    949-263-8414
22
                                                    *Counsel for Plaintiff Sun Microsystems, Inc.*
23

24

25

26

27

28