KENNETH R. O'ROURKE (S.B. #120144)
korourke@omm.com
PAUL B. SALVATY (S.B. #171507)
psalvaty@omm.com
STEVEN H. BERGMAN (S.B. #180542)
sbergman@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:     (213) 430-6000
Facsimile:      (213) 430-6407

MICHAEL F. TUBACH (S.B. #145955)
mtubach@omm.com
THOMAS BROWN (S.B. #182916)
tbrown@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone:     (415) 984-8700
Facsimile:      (415) 984-8701

Attorneys for Defendants
HYNIX SEMICONDUCTOR INC. and
HYNIX SEMICONDUCTOR AMERICA INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN MICROSYSTEMS, INC.,<br><br>                         Plaintiff,<br><br>        v.<br><br>HYNIX SEMICONDUCTOR INC.,<br><br>                    Defendants. | Case Nos. C 06-01665 PJH<br><br>Assigned for all purposes to the<br>Hon. Phyllis J. Hamilton<br><br>**HYNIX'S OPPOSITON TO PLAINTIFF'S MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING PLAINTIFF'S MOTION TO STRIKE DECLARATIONS OF DEFENDANTS' EXPERT WITNESSES** |

LA2:884497.4

1

### HYNIX'S OPPOSITION TO PLAINTIFF'S MOTION TO SHORTEN TIME

2

Pursuant to Civil L.R. 6-3(c), Defendants Hynix Semiconductor Inc. and Hynix

3

Semiconductor America Inc. ("Hynix") respectfully submit this opposition to Sun Microsystems,

4

Inc.'s ("Sun") Motion to Shorten Time for Briefing and Hearing Plaintiff's Motion to Strike

5

Declarations of Defendants' Expert Witnesses.  Sun's Motion to Shorten Time should be denied

6

as procedurally defective and unnecessary.  Additionally, Sun cannot demonstrate that it will

7

suffer undue prejudice if its Motion to Strike is heard on a regular notice.

8

### I.   SUN'S MOTION TO SHORTEN TIME IS PROCEDURALLY DEFECTIVE

9

Civil L.R. 6-3(c) provides that a party has three court days to oppose a motion to

10

shorten time.  Here, Sun filed its Motion to Shorten Time on its Motion to Strike late in the day

11

on Friday, April 24, 2009.  [Docket No. 669].  Hynix's opposition to the Shorten Time Motion is

12

thus due three court days after April 24, 2009 -- Wednesday, April 29, 2009.  Yet, that is the same

13

day that Sun wants this Court to order Hynix to file its opposition on the merits to Sun's Motion

14

to Strike -- also filed on Friday April 24, 2009.  Under the rules, the earliest that the Court

15

theoretically could rule on Sun's Motion to Shorten Time if Hynix were to file its opposition on

16

April 29 is April 30, 2009.  In other words, Sun is asking this Court to order Hynix to submit an

17

opposition brief the day *before* the Court enters an order deciding whether or not to order a

18

shortening of time.  This is a practical impossibility, rendering Sun's Motion to Shorten Time

19

procedurally defective, and is sufficient grounds to deny outright Sun's Motion to Shorten Time.[1]

20

### II.   SUN'S MOTION TO SHORTEN TIME IS UNNECESSARY

21

Sun's motion to shorten time should also be denied as unnecessary.  Sun seeks to

22

shorten time for briefing and hearing on a motion to strike declarations that Hynix either

23

submitted more than a month earlier (on March 19, 2009 in connection with a *Daubert* motion

24

against one of Sun's expert witnesses) or more than a week earlier (on April 16, 2009 in

25

opposition to Sun's *Daubert* motion against Hynix's expert witnesses).  Sun had ample time to

26

---

[1]   Hynix is filing this opposition one day earlier than the deadline set forth in Civil L.R. 6-

27

3(c) in order to afford the Court additional time to fashion a fair briefing schedule if the Court
elects to grant Sun's Motion to Shorten Time (*see* Note 3, *infra*).  Hynix's decision to afford the

28

Court more time does not cure the defects in Sun's Motion to Shorten Time.

1

1    challenge Hynix's declarations without waiting until now to do so -- and thus unduly burden

2    Hynix and the Court with last minute motions.

3              Moreover, Sun's Motion to Shorten Time makes no reference to the fact that Sun

4    filed a motion *in limine* on March 31, 2009 that seeks to exclude from evidence the opinions set

5    forth in the March 19, 2009 declarations.  Given that Sun was able to challenge the content of the

6    March 19, 2009 declarations more than three weeks ago, it could have, and should have, similarly

7    filed its Motion to Strike more than three weeks ago.  This delay renders Sun's Motion to Shorten

8    Time untimely and unnecessary.[2]

9    **III.    SUN HAS NOT DEMONSTRATED SUBSTANTIAL HARM
          OR PREJUDICE TO SUPPORT SHORTENING TIME**

10

11             Civil L.R. 6-3(a)(3) requires the party seeking to shorten time to "[i]dentif[y] the

12   substantial harm or prejudice that would occur if the Court did not change the time" in support of

13   a motion to shorten time.  Here, Sun claims that it will be prejudiced if the Court does not rule on

     Sun's Motion to Strike at or before the hearing on the *Daubert* motions in connection with which
14
     the declarations at issue were submitted.  However, any alleged harm or prejudice that Sun might
15
     suffer is a product of Sun's own delay.  As noted above, Sun is challenging declarations that
16
     Hynix submitted long before Sun filed its Motion to Strike and Motion to Shorten Time on April
17
     24, 2009.  Hynix filed the subject declarations on March 19, 2009 and on April 16, 2009.  Sun
18
     could have brought its Motion to Strike the March 19, 2009 declarations weeks before Sun
19
     actually did so.  Indeed, had it done so, the Motion to Strike could have been heard on regular
20
     briefing.
21
               Similarly, Sun offers no valid reason why it waited eight days to challenge the
22
     declarations Hynix submitted on April 16, 2009 in opposition to Sun's *Daubert* motion.  Sun's
23
     alleged reason for delaying the filing of its motion was to see if Hynix submitted any other
24
     declarations with its reply brief on its *Daubert* motion.  Sun does not explain why it could not
25

26   _____

     [2]     The fact that Sun also seeks to now strike declarations filed on April 16, 2009 does not
27   change this fact.  Had Sun timely filed its Motion to Strike the March 19, 2009 declarations, Sun
     could have amended its motion upon receipt of the April 16, 2009 declarations that Sun now
28   challenges.

LA2:884497.4

1   have promptly filed a Motion to Strike the initial declarations and then asked to supplement that

2   motion for any later filed declarations.  The argument that Sun was waiting to see if Defendants

3   would file further declarations that Sun might want to challenge rings hollow.

4         In short, any alleged harm or prejudice that Sun suffers is a result of Sun's own

5   lack of diligence.  Sun should not be rewarded for its delay and be able to force Hynix to oppose

6   the Motion to Strike in a matter of days.[3]

7   **IV.    SUN'S EFFORTS TO OBTAIN A STIPULATION ARE INSUFFICIENT**

8         Sun first notified Hynix that it would be filing its Motion to Strike by e-mail at

9   about 9:30 a.m. on Friday, April 24, 2009 and asked if Hynix would stipulate to shortening time

10  on the motion.  See Declaration of Steven H. Bergman re Opposition to Sun's Motion to Shorten

11  Time, Ex. A.  While Hynix was considering Sun's request, Sun filed its Motion to Strike before

12  2:00 p.m.  [Docket No. 668].  Sun filed its Motion to Shorten Time at about 3:15 p.m. the same

13  day.  [Docket No. 669].  Sun did not provide Hynix with sufficient time (about 1 hour and 20

14  minutes) to review the Motion to Strike and determine if it was feasible to oppose the Motion to

15  Strike on shortened time and then respond to Sun's counsel.  See Bergman Decl., ¶¶3-4.  Sun

16  offers no justification for either its last minute motion activity or for providing Hynix's counsel

17  such short notice to evaluate Sun's request and respond.  Thus, Sun's Motion to Shorten Time

18  does not comport with the spirit of Civil L.R. 6-3(a)(2).

19

20

21

22

23

24

25

26  _____

[3]    If the Court decides that shortening time is necessary here, Hynix requests the Court

27  permit Hynix to respond to Sun's Motion to Strike and file Hynix's opposition on May 4, 2009
    (which would still shorten Hynix's time to respond to the motion by four days) with no reply brief

28  for Sun.

HYNIX'S OPP'N. TO PLAINTIFF'S
MOTION TO SHORTEN TIME
CASE NO. C 06-01665 PJH

1

2

**CONCLUSION**

For the foregoing reasons, Hynix respectfully submits that Sun's Motion to
Shorten Time should be denied.

Dated:  April 28, 2009                     O'MELVENY & MYERS LLP


By:___/Steven H. Bergman/_____
            Steven H. Bergman

Attorneys for Defendants
HYNIX SEMICONDUCTOR INC. and
HYNIX SEMICONDUCTOR AMERICA
INC.

LA2:884497.4