KENNETH R. O'ROURKE (S.B. #120144)
korourke@omm.com
PAUL B. SALVATY (S.B. #171507)
psalvaty@omm.com
STEVEN H. BERGMAN (S.B. #180542)
sbergman@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407

MICHAEL F. TUBACH (S.B. #145955)
mtubach@omm.com
THOMAS BROWN (S.B. # 182916)
tbrown@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111-3823
Telephone:   (415) 984-8700
Facsimile:   (415) 984-8701

Attorneys for Defendants
HYNIX SEMICONDUCTOR INC. and
HYNIX SEMICONDUCTOR AMERICA INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUN MICROSYSTEMS, INC., a California corporation, and Unisys Corporation, a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>HYNIX SEMICONDUCTOR INC., a Korean corporation, HYNIX SEMICONDUCTOR AMERICA INC., a California corporation, et al.,<br><br>Defendants. | Case Nos. C 06-01665 PJH<br><br>Assigned for all purposes to the Hon. Phyllis J. Hamilton<br><br>**STIPULATION AND [PROPOSED] ORDER DISMISSING SUN'S STATE LAW CLAIMS BASED ON FOREIGN PURCHASES OF DRAM AND RESOLVING MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF FOREIGN PURCHASES OF DRAM** |

# STIPULATION

This Stipulation pursuant to Civil L.R. 7-12 between Plaintiff Sun Microsystems, Inc. ("Sun") and Defendants Hynix Semiconductor Inc. and Hynix Semiconductor America Inc. ("Hynix") and Nanya Technology Corporation and Nanya Technology Corporation USA ("Nanya") (Hynix and Nanya are collectively "Defendants") and is made with reference to the following facts:

A. WHEREAS, on or about May 4, 2007 Sun filed an Amended Consolidated Complaint seeking, among other things, recovery based on foreign purchases of DRAM under the Sherman Act, the Cartwright Act and California's Unfair Competition Law; and

B. WHEREAS, Defendants moved to dismiss Sun's claims in the Amended Consolidated Complaint based on foreign purchases of DRAM on June 4, 2007 [Docket No. 151] and again on July 8, 2008. [Docket Nos. 340 & 434]; and.

C. WHEREAS, on March 31, 2009, Nanya filed a motion *in limine* to preclude evidence of foreign purchases of DRAM. [Docket No. 553]; and

D. WHEREAS, on March 31, 2009, this Court entered an order granting Defendants' July 8, 2008 motion to dismiss. [Docket No. 548]; and

E. WHEREAS, this Court's March 31, 2009 Order included the following language: "To the extent defendants also seek dismissal of plaintiff's state claims in addition to the Sherman Act claim, the court declines to reach this issue based on nothing more than defendants' cursory footnote (citing two out-of-circuit district cases) suggesting that plaintiff's state law claims are subject to the same FTAIA analysis as is undertaken here." (March 31, 2009 Order at 34 fn. 12); and

F. WHEREAS, in response to Footnote 12 in the March 31, 2009 Order, on April 15, 2009, Hynix filed a Motion for Clarification of the Court's Order Granting Defendants' Motion to Dismiss Foreign Commerce Claims, or in The Alternative, Motion to Dismiss State Law Claims Based On Foreign Commerce (the "Clarification Motion") [Docket Nos. 615 & 641]; and

G.   WHEREAS, Sun represents that it is not seeking damages based on Sun's foreign purchases of DRAM;

THEREFORE, SUBJECT TO APPROVAL OF THE COURT, IT IS HEREBY STIPULATED AND AGREED BETWEEN Sun, Nanya and Hynix as follows:

1.   All of Sun's claims for relief under the Cartwright Act and California's Unfair Competition Law premised on foreign purchases of DRAM are dismissed in their entirety as against all Defendants; and

2.   At trial, Sun shall not proffer evidence, shall not present argument and shall not elicit testimony regarding foreign purchases of DRAM and shall not argue or claim that it is entitled to damages or other relief based on foreign purchases of DRAM. If Sun believes that Defendants have proffered evidence of or elicited testimony regarding foreign purchases of DRAM or otherwise put foreign purchases of DRAM into issue at trial, this Stipulation does not preclude Sun from seeking permission from the Court to proffer evidence or elicit testimony regarding foreign purchases of DRAM necessary to rebut such similar evidence proffered or argument made by Defendants.  Under no circumstances, however, will the introduction of such evidence by Defendants permit Sun to seek damages or other relief based on foreign purchases of DRAM; and

3.   Upon entry of the [Proposed] Order based on this Stipulation, the Clarification Motion and Nanya's Motion *in Limine* to Preclude Evidence of Foreign Purchases of DRAM will be deemed withdrawn as moot.

**SO STIPULATED.**

| | |
|---|---|
| Dated: May 6, 2009 | O'MELVENY & MYERS LLP |

By: _/Steven H. Bergman/_
Steven H. Bermgan

Attorneys for Defendants
HYNIX SEMICONDUCTOR INC. and
HYNIX SEMICONDUCTOR AMERICA
INC.

| | |
|---|---|
| Dated: May 6, 2009 | ORRICK HERRINGTON & SUTCLIFFE LLP |

By: _/Howard M. Ullman/_
Howard M. Ullman

Attorneys for Defendants
NANYA TECHNOLOGY CORPORATION
and NANYA TECHNOLOGY
CORPORATION USA

| | |
|---|---|
| Dated: May 6, 2009 | CROWELL & MORING LLP |

By: _/David D. Cross/_
David D. Cross

Attorneys for Plaintiff
SUN MICROSYSTEMS, INC.

## **ATTESTATION OF FILING**

Pursuant to General Order 45.X.B, I hereby attest that I have obtained concurrence in the filing of this document from the attorneys for Plaintiff and Nanya listed in the signature blocks above.

_/Steven H. Bergman/_
Steven H. Bergman

1   **[PROPOSED] ORDER**

2   PURSUANT TO THE STIPULATION OF THE PARTIES, IT IS SO ORDERED.

3

4

5

6   Dated: 5/7/09



STIP. & [PROPOSED] ORDER DISMISSING STATE
LA2:884305.6                    LAW CLAIMS BASED ON FOREIGN PURCHASES
CASE NO. C 06-01665 PJH