1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5

6

7  SUN MICROSYSTEMS INC.,

8          Plaintiff,                      No. C 06-1665 PJH

9      v.                                  **FINAL PRETRIAL
                                            ORDER**
10 HYNIX SEMICONDUCTOR INC., et al.,

11         Defendants.

   _____/

12

13       Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial

14 order is hereby entered and shall control the course of the trial unless modified by a

15 subsequent order.  The joint pretrial statement of the parties is incorporated herein except

16 as modified by the court's ruling on the pretrial motions and objections.

17 I.     MOTION FOR EXCLUSION ORDER AND ADVERSE INFERENCE

18        INSTRUCTION

19       The Hynix defendants assert that plaintiff should be charged with spoliation of

20 relevant evidence, and they seek an order precluding Sun from presenting such evidence

21 at trial, as well as a corresponding adverse inference instruction to be given to the jury.

22 Having read all the papers submitted and carefully considered the relevant legal authority

23 and the parties' oral arguments, the court hereby DENIES defendants' motion.  While it is

24 well-recognized that a federal trial court has the inherent discretionary power to make

25 appropriate evidentiary rulings in response to the destruction or spoliation of relevant

26 evidence (including the ability to permit a jury to draw an adverse inference from the

27 destruction or spoliation against the party or witness responsible for that behavior),

28 sanctions for breach of a duty to preserve evidence are generally imposed where a party

   has "notice that the destroyed evidence was potentially relevant to [future] litigation" that is

                                            1

1   "probable," rather than a mere possibility.  See, e.g., Glover v. BIC Corp., 6 F.3d 1318,

2   1329 (9th Cir. 1993); Unigard Security Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d

3   363 (9th Cir. 1992).  Here, the court finds insufficient evidence to conclude that plaintiff had

4   notice of probable future litigation during the time frame urged by defendants.  Thus, no

5   duty to preserve evidence was triggered until, at the earliest, the litigation holds were

6   issued in 2005.  As to the scarcity of emails produced after the duty to preserve was

7   triggered, the court furthermore finds defendants' motion too non-specific to support the

8   extraordinary relief they request.

9   II.     MOTION TO SEAL SUN-SAMSUNG SETTLEMENT AGREEMENT

10          Administrative motion to seal the Sun-Samsung settlement agreement is

11          GRANTED.

12  III.    DAUBERT MOTIONS

13          **Plaintiff:**

14          1)      Motion to Exclude Testimony of Charles Weisselberg is GRANTED.

15          2)      Motion to Exclude Testimony of Drs. O'Brien and Cox is DENIED.

16          3)      Motion to Exclude Testimony of Drs. Murphy and Topel is DENIED.

17          **Defendants (collectively):**

18          1)      Defendants' Motion to Exclude Testimony of Boris J. Steffen is DENIED.

19          2)      Defendants' Motion to Exclude Testimony of Dr. Robert Marshall is DENIED.

20  III.    MOTIONS IN LIMINE

21          **Plaintiff:**

22          1)      Motion to exclude evidence and argument pursuant to Federal Rules of

23                  Evidence 401, 402, 403 and 408 is GRANTED in part and DENIED in part.

24                  Specifically:

25                  a.      Motion to exclude evidence of Sun's purchases of "legacy" DRAM is

26                          DENIED.

27                  b.      Motion to exclude evidence of Sun's qualification process is DENIED.

28                  c.      Motion to exclude evidence of defendants' financial condition and

                            market shares during the conspiracy period is DENIED, with the

1    understanding that defendants will not employ such evidence in

2    support of a 'ruinous competition' defense.

3        d.     Motion to exclude evidence of Sun's settlements with other defendants

4    and third parties is GRANTED, insofar as such evidence is submitted

5    for liability purposes.  All parties, however, are free to make an offer of

6    proof at trial with respect to the introduction of such evidence for

7    purposes other than liability.

8      2)    Motion to exclude evidence and argument pursuant to Federal Rules of

9    Evidence 401, 402, 403, 602, 605, 801 and 802 is GRANTED in part and

10   DENIED in part.  Specifically:

11       a.     Motion to exclude evidence of purported "undercharges" during the

12   conspiracy period is DENIED.  Although not admissible on the issue

13   of offset, some evidence related to undercharges may be introduced

14   on the issue of impact with a proper limiting instruction to be prepared

15   by the parties.

16       b.     Motion to exclude evidence of Sun's purported failure to mitigate

17   damages is DENIED.

18       c.     Motion to exclude evidence of treble damages and attorney's fees is

19   GRANTED.

20       d.     Motion to exclude evidence of purported "pass-on" of overcharges

21   incurred by Sun to its customers is DENIED on mootness grounds, in

22   view of plaintiff's voluntary dismissal of all state law claims.

23       e.     Motion to exclude evidence of Nanya's non-indictment is DENIED.

24       f.     Motion to exclude evidence of the criminal trial of Gary Swanson is

25   GRANTED.

26     3)    Motion to exclude evidence and argument pursuant to Federal Rules of

27   Civil Procedure 26 and 37, and court orders, is GRANTED in part and

28   DENIED in part.  Specifically, the motion to exclude defendants' declarations

submitted in support of summary judgment and Daubert motions is

1    GRANTED, as the declarations are inadmissible.  To the extent, however,

2    that the content contained within the declarations otherwise meets the

3    requirements for admissibility and was properly disclosed to plaintiff, the

4    content may come in and the motion is DENIED.

5    4)    Motion to exclude evidence and argument regarding adverse inferences

6    based on Fifth Amendment invocations is DENIED.  However, prior to

7    admission of any Fifth Amendment testimony or the granting of any request

8    for an adverse inference based thereon, the parties must comply with the

9    preliminary protocol established by the court in regard to Fifth Amendment

10    testimony, set forth in detail below.  The court furthermore defers ruling on

11    the substance of any specific issues raised with respect to Fifth Amendment

12    testimony, until such time as the parties have complied with the preliminary

13    protocol.

14    **Hynix Defendants:**

15    1)    Motion to exclude evidence of plea agreements is GRANTED in part and

16    DENIED in part.  Specifically:

17        a.    Motion to exclude evidence of Hynix's plea agreement is DENIED,

18              however, only paragraphs 3-4 of the plea agreement will be admitted.

19        b.    Motion to exclude evidence of the Hynix employee "carveout" plea

20              agreements is DENIED, although as stated above, only paragraphs 3-

21              4 of the plea agreements will be admissible.

22        c.    Motion to exclude evidence of Samsung, Infineon and Elpida plea

23              agreements is DENIED.  While the plea agreements themselves

24              constitute hearsay, such evidence is admissible pursuant to the catch-

25              all exception stated in Federal Rule of Evidence 807, as the plea

26              agreements contain sufficient indicia of reliability and are relevant to

27              establish the existence of an underlying DRAM conspiracy.  However,

28              only those paragraphs of the plea agreements that correspond directly

              to Samsung, Infineon and Elpida's admissions of conspiratorial

4

1    conduct will be admitted.  Moreover, in the event such evidence is

2    introduced, a limiting instruction shall issue prohibiting

3    consideration of the evidence for purposes of Hynix's or Nanya's

4    liability for or participation in any such conspiracy.

5        d.    Motion to exclude evidence of Micron's statement of conduct is

6    DENIED, however, only those paragraphs of the statement of conduct

7    that correspond directly to Micron's admissions of conspiratorial

8    conduct will be admitted.

9        2)    Motion to exclude evidence and argument regarding Fifth Amendment

10   invocations is DENIED.  However, prior to admission of any Fifth Amendment

11   testimony or the granting of any request for an adverse inference based

12   thereon, the parties must comply with the preliminary protocol established by

13   the court in regard to Fifth Amendment testimony, set forth in detail below.

14   The court furthermore defers ruling on the substance of any specific issues

15   raised with respect to Fifth Amendment testimony, until such time as the

16   parties have complied with the preliminary protocol.

17       3)    Motion to exclude evidence of various collateral proceedings and other

18   investigations, including evidence of (a) Department of Justice investigations

19   and litigation related to SRAM and Flash Memory; (b) the Gary Swanson trial;

20   and (c) other lawsuits and cartels, is GRANTED.

21       4)    Motion to exclude evidence of (a) the incarceration and length of sentence

22   served by the individual Hynix employees who pled guilty to price-fixing; (b)

23   the post-incarceration employment and salary changes of those employees;

24   (c) the employees' employment status and compensation paid during or after

25   their incarceration; and (d) whether Hynix paid any fines, criminal penalties,

26   or legal fees as a result of the employees' pleas, is DENIED, as such

27   evidence is relevant to the question of bias.  However, plaintiff cannot solicit

28   information as to the length of incarceration, or as to the amount of any fines,

penalties or legal fees paid.

5)      Motion to exclude plaintiff's expert, Dr. Halbert White, from offering any opinion or testimony as to causation at trial is GRANTED, although some degree of overlap between Dr. White's damages opinion and causation issues is permissible.  To the extent defendants also seek to preclude plaintiff from referring to the time periods used by Dr. White in his expert report as the "Plea Period" and "Conspiracy Period," the motion is DENIED.

**Nanya Defendants:**

1)      Motion to exclude evidence and argument regarding Fifth Amendment invocations is DENIED.  However, prior to admission of any Fifth Amendment testimony or the granting of any request for an adverse inference based thereon, the parties must comply with the preliminary protocol established by the court in regard to Fifth Amendment testimony, set forth in detail below. The court furthermore defers ruling on the substance of any specific issues raised with respect to Fifth Amendment testimony, until such time as the parties have complied with the preliminary protocol.

2)      Motion to exclude evidence and argument that defendants conspired to reduce output of DRAM during the relevant time period is DENIED.

3)      Motion to exclude evidence or argument of (a) Elpida's and Samsung's admissions regarding participation in bid-rigging activities in connection with Sun's on-line auctions; and (b) Hynix's or Nanya's participation in such bid-rigging activities is GRANTED, as the prejudicial nature of the evidence outweighs its probative value pursuant to Federal Rule of Evidence 403.

4)      Motion to exclude evidence or argument regarding foreign purchases of DRAM or DRAM-containing products by plaintiff's foreign subsidiaries has been and is WITHDRAWN.

5)      Motion to exclude expert report and testimony of Dr. Francis X. Diebold is DENIED.

1    IV.    <u>FIFTH AMENDMENT TESTIMONY/CO-CONSPIRATOR PROTOCOL</u>

2          Plaintiff seeks to rely at trial on certain Fifth Amendment invocations made by

3    defendants' employees and witnesses, and intends to seek a corresponding request for an

4    adverse inference instruction based on those invocations.  As the court had occasion to

5    recently reiterate, adverse inferences based on a party's invocation of the Fifth Amendment

6    are permissible in certain situations.  <u>Baxter v. Palmigiano</u>, 425 U.S. 308 (1976).  Adverse

7    inferences may only be drawn, however, when independent evidence exists of the fact to

8    which the party refuses to answer.  <u>See, e.g., LaSalle Bank Lake View v</u>. <u>Seguban</u>, 54 F.3d

9    387, 391 (7th Cir.1995); <u>Peiffer v. Lebanon Sch. Dist.</u>, 848 F.2d 44, 46 (3d Cir.1988).

10   Thus, an adverse inference can be drawn when silence is countered by independent

11   evidence of the fact being questioned, but that same inference cannot be drawn when, for

12   example, silence is the answer to an allegation contained in a complaint.  <u>See Nat'l</u>

13   <u>Acceptance Co. v. Bathalter</u>, 705 F.2d 924, 930 (7th Cir.1983).  In addition, adverse

14   inferences should be drawn where there is a "substantial need" for the information, and

15   there is no other way of obtaining the information.  <u>See Doe ex rel. Rudy-Glanzer v.</u>

16   <u>Glanzer</u>, 232 F.3d 1258, 1265 (9th Cir. 2000).

17         In order to streamline the process whereby plaintiff intends to satisfy the foregoing

18   foundational inquiry, and to promote the efficient resolution of this issue in advance of its

19   presentation to the jury, the court adopts the following preliminary protocol to be met at trial:

20   to the extent plaintiff seeks to introduce the Fifth Amendment testimony of any witness at

21   trial and request an adverse inference thereupon, plaintiff must preliminarily (a) identify the

22   witness; (b) identify each precise statement in the witness' testimony from which plaintiff

23   seeks an adverse inference (on a one question, one answer basis); (c) state the relevance

24   of each statement to the issues in the case; and (d) describe plaintiff's substantial need for

25   the introduction of the statement and corresponding adverse inference.  Plaintiff must also

26   state the mechanism through which plaintiff proposes to introduce the testimony in question

27   (e.g., live testimony, videotaped deposition testimony). Plaintiff shall submit the foregoing

28   information, organized in chart form, to the court and opposing parties no later than 4:00

     p.m. on the day prior to introduction of the Fifth Amendment testimony from which plaintiff

1   seeks the adverse inference.  Plaintiff shall keep in mind that the court will not allow

2   cumulative testimony.

3          Once plaintiff has complied with this preliminary protocol, the court will hold a

4   hearing at 8:00 a.m. the following day (i.e., the same day on which plaintiff seeks to

5   introduce the Fifth Amendment testimony for which they submitted their preliminary

6   showing) in order to hear all parties' arguments as to the admissibility of the evidence for

7   which plaintiff seeks an adverse inference.  The court will immediately thereafter, and prior

8   to the start of trial, issue its ruling as to admissibility.

9          Finally, although not raised as a separate issue via the parties' in limine motions, the

10  court is mindful of the preliminary attention that must be paid to the admission of any co-

11  conspirator statements by a party.  Under Bourjaily v. United States, 483 U.S. 171 (1987),

12  "an accused's knowledge of and participation in an alleged conspiracy are preliminary facts

13  that must be established before extra-judicial statements of a co-conspirator can be

14  introduced into evidence."  See also United States v. Silverman, 861 F.2d 571, 576 (9th Cir.

15  1988); In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 906 F.2d

16  432, 458-59 (9th Cir. 1990)(applying Bourjaily standards to civil antitrust case).  Thus, to

17  the extent that any party wishes to rely on co-conspirator statements at trial, the court

18  establishes the following preliminary protocol for the admission of any such statements:

19         No later than 4:00 p.m. on the business day prior to calling the witness(es) seeking

20  to introduce such statement(s) at trial, the party seeking to introduce such statement(s)

21  must deliver to chambers and to opposing parties two copies of a chart and any related

22  materials delineating: (1) the identity of the testifying witness; (2) a statement describing the

23  witness; (3) a summary of the evidence showing that the witness knew about and

24  participated in the conspiracy; (4) the emails to be introduced via that witness, identifying

25  within the email the specific co-conspirator statements to be introduced via that witness; (5)

26  the identity of the declarant of each specific co-conspirator statement; and (6) a summary

27  of the evidence showing that each declarant of the co-conspirator statement(s) knew about

28  and participated in the conspiracy.  The court will hear all arguments regarding the

introduction of co-conspirator statements the following day prior to trial (in conjunction with

1   the Fifth Amendment testimony protocol).  While the court will issue a ruling as to the

2   evidentiary admissibility of co-conspirator statements prior to trial, however, the court will

3   reserve any ruling as to whether a statement was made "in furtherance" of a conspiracy

4   until after the statement has been introduced at trial.

5   V.     BIFURCATION REQUEST

6         The Nanya defendants' request to bifurcate the trial is DENIED, as defendants have

7   not established that bifurcation is warranted.

8   VI.    WITNESSES

9         No additional witnesses may be added to the witness lists of either party.   The

10   parties shall follow this court's Trial Rules with respect to notifying each other of which

11   witnesses will be called each day.

12   VII.    EXHIBITS

13         The parties shall stipulate to the admissibility of exhibits, where possible.  In addition,

14   the parties shall meet and confer about the process to be used to facilitate the use of

15   exhibits by the court and the jury, utilizing the same audio-visual service if possible.

16   With respect to all trial exhibits for which sealing and some corresponding action on the

17   part of the court (i.e., closing the courtroom) is requested, the parties shall file a request to

18   seal identifying the specific trial exhibits sought to be filed under seal, and the compelling

19   reasons that warrant the filing or submission of such material under seal.  The parties shall

20   submit their request with respect to their own exhibits no later than **May 25, 2009**, although

21   they may submit a sealing request pertaining to third party documents no later than **June 1,**

22   **2009**.

23         In addition, with respect to those exhibits that are the subject of pending motions to

24   seal filed in connection with the parties' earlier motions and requests, and in order to assist

25   the court in adjudicating all outstanding matters on the docket, the parties are instructed to

26   submit no later than **May 25, 2009** a joint request that identifies the specific exhibits

27   previously requested to be filed under seal (along with corresponding docket number) and

28   for which sealing continues to be requested, along with a similar statement establishing the

        compelling reasons that warrant sealing.

VIII.   DISCOVERY EXCERPTS

If depositions are used in lieu of personal appearances by witnesses, and provided the requisite showing has been made, counsel shall re-enact the deposition rather than simply read it into the record.  Deposition transcripts will not be given to the jury to read. Video taped depositions may be presented to the jury.  The parties must provide the equipment.

IX.   VOIR DIRE

The parties may submit a revised jury questionnaire containing no more than 40 questions no later than **June 3, 2009.**  In the absence of a suitable questionnaire, the court will incorporate appropriate questions from the proposed questionnaire into its own voir dire of the panel.

X.   JURY INSTRUCTIONS

The parties are responsible for case jury instructions, as well as their own limiting instructions.  The parties must jointly submit, no later than **June 3, 2009**, a revised joint set of jury instructions.  The court will resolve no more than 15 disputed jury instructions, 5 per party.

XI.   VERDICT FORMS

A revised joint verdict form must be submitted by **June 3, 2009**.

XII.   TRIAL SCHEDULE AND TIME LIMITS

Trial will take place over 4 weeks on Monday, Tuesday, Thursday and Friday, from 8:30 a.m to 1:30 p.m.  Plaintiff will be permitted 27 hours trial time and each defendant will be permitted 20 hours trial time, excluding jury selection and closing argument.

**IT IS SO ORDERED**.

Dated:  May 20, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

10